Charles Robert HARPER et al., Appellants,

v.

Mary CRAWFORD, Appellee.

Court of Appeals of Kentucky.

Feb. 25, 1955.

William G. Craig, King & Craig, Henderson, for appellants.

William L. Sullivan, Henderson, for appellee.

MILLIKEN, Justice.

This is an appeal from a judgment awarding appellee $8,200 for injuries received when she was hit by the appellants' automobile at Fifth and North Green Streets in the City of Henderson, about 4 o'clock in the sunny afternoon of April 17, 1952, when she was attempting to cross North Green Street, which is 44 feet wide, on her way to the Pic-N-Pay grocery on the southeast corner of the intersection of the two streets. The appellants assign a number of reasons for reversal, including the contention that the appellee was guilty of contributory negligence as a matter of law.

The appellant Scott-McGaw Motor Company's garage and display room is located at the northeast corner of Fifth and North Green Streets, and the accident occurred when the appellant Charles Robert Harper, who was operating the automobile in a westerly direction on Fifth Street in the course of his employment with the Scott-McGaw Motor Company, turned left at the intersection on the green light in order· to proceed in a southerly direction along North Green Street. It is disputed whether the appellee was walking across the street where the crosswalk would have been located had it been marked.

The appellee, Mary Crawford, said she wore a brown and white checked dress and a red coat at the time of the accident, that she waited for the traffic signal, proceeded at a normal gait across Green Street in the usual path for pedestrian traffic, and had reached approximately the middle of the street, heard a woman scream, saw a reflection of the car in her eyeglasses, was struck by the car, and that was the last she

knew until she regained consciousness in the hospital sometime afterward. On cross-examination the appellee denied that an automobile was parked on the west side of North Green Street just south of Fifth which caused her to go out of the pedestrian's usual crossing in order to get around it, thus obscuring her from the driver's vision.

The testimony of Mrs. Billye Meyer was taken by interrogatory in California a year and a half after the accident. She testified that she was driving north on North Green Street and had stopped at the intersection awaiting the signal to cross Fifth Street when she saw the appellee crossing the street from east to west (actually she was crossing from west to east) directly in front of the Harper automobile, and realized that he didn't see the appellee because he was looking directly at the witness as his car turned the corner in front of her car; that she screamed a warning, saw the impact, and fainted.

The driver, Charles Robert Harper, stated that he was not going faster than 20 miles an hour at the time; that he came upon her so suddenly he did not have time to blow his horn; that he did not see her in time because of the parked car; that she was crossing south of the usual pedestrian crossing; that he struck her with the right front of his automobile and came to an instant stop. There was some corroborative testimony that Miss Crawford was walking south of the crosswalk, but much of this evidence appears to be inferred from the place her body lay after the accident. The references in the evidence to a diagram and pictures are of little help to this court on appeal, because we are not able to ascertain from the oral testimony alone the references pointed out by the witnesses. All in all, we conclude that the testimony was so conflicting that it clearly presented a case for the jury. The trial court gave an instruction on the question of whether the pedestrian violated the crossing ordinance by imposing the duty on her to observe it and making a violation of the duty a basis for denying her recovery because of contributory negligence. Where there is doubt as to whether she violated the ordinance, we certainly cannot hold her contributorily negligent as a matter of law. Furthermore, we do not find the verdict flagrantly against the evidence.

The appellants also charge that the names of the jurors, which were drawn by the circuit judge from the jury wheel, were not placed in a sealed envelope with the judge's signature across the seal and handed to the clerk in accordance with the statute, but that the names were written down on a sheet of paper by the circuit judge during the October term of the Henderson Circuit Court and thus there was a violation of the provisions of KRS 29.140, which provides: "In courts having terms, the judge shall place the lists in separate envelopes, of good paper, seal and endorse them so as to show that the envelopes contain jury lists, and the month and the term for which the jurors are selected and the date of selection, and sign his name across the seal of each." Even if we were to concede that this provision is mandatory and not directory, a challenge to a juror or to the panel for cause must be made before the trial starts and not afterward. Higgins v. Com., 287 Ky. 767, 155 S.W.2d 209; Galliaer v. Southern Harlan Coal Co., 247 Ky. 752, 57 S.W.2d 645. As was said by this court in Hopkins v. Com., 279 Ky. 370, 130 S.W.2d 764, 767, when a reversal was sought on the ground that the circuit judge had not delivered the list of the jurors to the clerk in open court:

"If such slight irregularities as this were permitted to be used as an excuse to obtain a new trial, there would be few trials in which a reversible error would not occur. In the absence of any showing that there was a possibility that the jury list had been tampered with, we are of the opinion that the failure of the circuit judge to comply literally with the directions of the statute was not in any way prejudicial to the defendant's substantial rights."

■ The appellee was 63 years of age, received many abrasions all over her body, and a comminuted fracture of the left knee which left her with a 50% permanent disability. At the time of the trial, a year and a half later, she was still suffering some pain and required therapy. We do not think the damages were excessive.

The judgment is affirmed.