**Henry JOHNSON, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

April 23, 1965.

Rehearing Denied July 2, 1965.

Henry L. Spencer, Jackson, for appellant.

Robert Matthews, Atty. Gen., Frank D. Berry, Asst. Atty. Gen., for appellee.

DAVIS, Commissioner.

Appellant seeks to reverse the circuit court's order which overruled his RCr 11.-42 motion to vacate a judgment of the same circuit court, whereby he was sentenced to imprisonment for life on a murder charge. KRS 435.010.

The murder conviction occurred in 1953; the RCr 11.42 motion was filed in 1964. After the motion to vacate was filed the trial court appointed counsel for appellant and afforded him a hearing.

There were six purported grounds for the motion to vacate, as prepared by appellant *pro se*, which may be thus summarized: (1) newly discovered evidence; (2) the verdict was contrary to the law and evidence; (3) personally employed counsel for appellant failed to afford him adequate representation; (4) the evidence was purely circumstantial "by the illegal search and seisure (sic) of articles there in that was instituted as evidence" (sic); (5) the indictment was null and void, "and was returned by prejudice methods used by the Court"; (6) no warrant was ever served on the appellant. However, the prime basis urged for reversal is the irregularity in the method used in selecting the jury which convicted appellant at the murder trial.

The orders of the court upon the murder trial reflect that when the case came on for trial only two members of the jury panel qualified, whereupon "the parties moved that a jury be obtained from some outside county." The orders further recite that "the parties failing to agree upon the submission of a list of three counties each, the court ordered and directed [the sheriff] to proceed to Jessamine County" to summon 50 persons for jury service. By subsequent order the sheriff was dispatched to Jessamine County to summon 60 additional veniremen, since the first panel of 50 had been exhausted with only three men qualifying for service. From the second group five more persons qualified, whereupon the court directed the sheriff to obtain 60 veniremen from Madison County. From the latter group the jury, including an alternate thirteenth juror, was completed and sworn. So, as the jury was finally composed, eight were from Jessamine County and five from Madison County.

After the jury was so completed the appellant moved to set aside the swearing of the jury for irregularity in its selection, inasmuch as neither Jessamine nor Madison is a county adjoining Breathitt County, and because the jury was composed of some members from each county.

The Criminal Code, applicable at the time of the murder trial, made provision for obtaining a jury from an *adjoining* county, under appropriate conditions. Crim.Code, § 194. There was no provision for obtaining jurors from a county other than one adjoining the county in which the trial was held. Neither was there any provision authorizing a jury composed of members from two or more counties, whether adjoining or not. (Cf. presently applicable RCr 9.33 and KRS 29.262.)

Kentucky Constitution § 11 provides, in pertinent part, that an accused " * * * shall have a speedy public trial by an impartial jury of the vicinage." The Sixth Amendment, U. S. Constitution, makes similar provision, although we are cited no case wherein the Supreme Court has specifically made applicable to states that portion of the Sixth Amendment relating to trial " * * * by an impartial jury of the State and district wherein the crime shall have been committed * * *" insofar as it relates to the particular question at hand. In any event, Breathitt, Jessamine and Madison Counties all lie within the Eastern District of Kentucky's U. S. District Court. 28 U.S.C.A. § 97.

In Baxter v. Commonwealth, 292 Ky. 204, 166 S.W.2d 24, this court dealt with the meaning of vicinage as related to the constitutional guarantee of an impartial jury of the vicinage; there it was held that the fact that a resident of Jessamine County sat as a juror in a Fayette County trial did not contravene any *constitutionally* guaranteed right. Reference to that opinion will disclose adequately our view on the subject.

KRS 29.025(2) specifically provides:

"The fact that a person not qualified served on a grand or petit jury shall not be cause for setting the indictment or verdict aside, nor shall exception be taken to any juror for lack of qualification after the jury has been sworn."

The trial order in the murder case reflects that no objection to the qualification of the jury was made by the appellant until after the jury was sworn. That objection came too late. Since, as reflected by the Baxter opinion, supra, there was no constitutional right denied, there could have been no denial of due process; the relief envisioned by RCr 11.42 is not available. See King v. Commonwealth, Ky., 387 S.W.2d 582 (decided February 26, 1965) and cases therein cited and discussed.

The other grounds presented for relief clearly are unavailable as bases for relief under RCr 11.42. See the King opinion, supra, and Lawson v. Com., Ky., 386 S.W.2d 734 and cases there cited.

The judgment is affirmed.