**Jeffrey M. ALLEN, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Sept. 21, 1979.

Discretionary Review Denied
April 15, 1980.

Terrence R. Fitzgerald, Daniel T. Goyette, Jefferson Dist. Public Defenders, Donald E. Dawson, Louisville, for appellant.

Robert F. Stephens, Atty. Gen., Reid C. James, Asst. Atty. Gen., Frankfort, for appellee.

Before COOPER, LESTER and VANCE, JJ.

VANCE, Judge.

The question is whether deviation from the procedures for empaneling a jury as set forth in KRS 29A.060 and RCr 9.30(1)(a) requires reversal of a judgment of conviction.

Our statute and rules provide a simple procedure to empanel a jury in circuit court. The clerk, in open court, shall draw from the jury box sufficient names of persons selected and summoned for jury service to compose a jury. If jurors drawn are excused, the clerk shall then draw from the box as many more names as are necessary to complete the jury.

Over the objection of appellant, the trial court directed the clerk to draw from the jury box the names of all forty persons who were summoned for jury service. As each name was drawn it was assigned a number, running consecutively from 1 to 40. The entire panel was then submitted for voir dire examination. The appellant exercised all of his challenges.

The jury consisted of the twelve names with the lowest numbers of all of the jurors who remained after all challenges had been exercised.

In the procedure used, each party knew in advance which member of the entire panel would replace any juror stricken. For example, if no jurors were stricken, the jury would be composed of jurors numbered 1 through 12. If juror number 1 were stricken, he would be replaced by number 13 and the jury would be composed of jurors numbered 2 through 13.

If there were, on the whole panel, some juror that either the defendant or the Commonwealth particularly desired to sit upon

the case, either party knew in advance exactly how many jurors must be stricken to reach the name of the particular juror desired.

It might appear that such a procedure would be more advantageous to a defendant than to the Commonwealth, and therefore the error, if any, was not prejudicial to this appellant. On reflection as to how disparate procedures for jury selection might affect our whole system of justice, we have decided that it is in the interest of justice that the statutes and rules for jury selection be closely followed, and that no substantial deviation be allowed, regardless of prejudice. The matter of jury selection is too important a part of our judicial system to permit variations, from one court to another, in compliance with controlling statutes.

The judgment is reversed for further proceedings consistent with this opinion.

All concur.