**Joseph H. MOORE, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Dec. 28, 1979.

Discretionary Review Denied May 6, 1980.

**156**

Jack Emory Farley, Public Advocate, Commonwealth of Kentucky, Timothy Riddell, Asst. Public Advocate, Frankfort, for appellant.

Robert F. Stephens, Atty. Gen., Reid C. James, Asst. Atty. Gen., Frankfort, for appellee.

Before HAYES, C. J., and LESTER and VANCE, JJ.

HAYES, Judge.

Joseph H. Moore, was found guilty of assault in the second degree and sentenced to ten (10) years imprisonment. He complains on appeal that he was: (1) denied due process of law by the trial court's failure to conduct an evidentiary hearing into his competency to stand trial; (2) substantially prejudiced by the trial court's failure to impanel the jury in accordance with KRS 29A.060(2) and RCr 9.30; and (3) his conviction cannot stand because the jury verdict was not necessarily unanimous. We disagree with the appellant and affirm the lower court's judgment.

Appellant's trial counsel moved the court to order a psychiatric examination of the appellant and the trial court granted the request. Papers filed with the motion indicated appellant, in 1967, had been declared legally incompetent. However, he was later, in 1968, declared competent.

The appellant was admitted on September 6, 1978, pursuant to the trial court's order, to the Forensic Psychiatry-Grauman Unit, Louisville, Kentucky. He was discharged on September 19, 1978 with this discharge diagnosis:

> Mental retardation, mild with explosive personality features. He understands the trial process. He has an understanding that the charges he has may result in imprisonment. He knows that this type of behavior is unlawful. He is able to communicate within his intellectual level adequately to participate with his attorney and in the trial process. He is considered competent to stand trial.

Appellant's reliance upon *Pate v. Robinson*, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966) and *Matthews v. Commonwealth*, Ky., 468 S.W.2d 313 (1971) is misplaced.

In the present case, given the information in the record, the trial court was not presented with a sufficient or reasonable doubt of appellant's mental competency to stand trial and, therefore, no hearing as required by RCr 8.06 was necessary. *Via v. Commonwealth*, Ky., 522 S.W.2d 848 (1975).

The second issue presented by appellant has not been preserved for appellate review. No objection to the manner in which the jury was impanelled was made and by accepting the jury without exhausting his preemptory challenges, the appellant was satisfied with the make-up of the jury as impanelled. These are the factors which distinguish this case from our opinion in *Allen v. Commonwealth*, Ky.App., 596 S.W.2d 21 (1979). Because of the importance of uniformity in jury selection procedures we reversed the judgment in *Allen* even though the showing of prejudice was thin—but nothing in that opinion stands for the proposition that we would have considered the issue if it had not been preserved for review.

The instruction given by the trial court on second degree assault followed KRS 508.020. That statute does contain alternate methods of committing the Class C felony of second degree assault. It is clear from the record that either of the two theories was supported by the evidence. The ruling in *Wells v. Commonwealth*, Ky., 561 S.W.2d 85 (1978) is dispositive of this issue. Furthermore, the record indicated that the defense attorney asked for and received the instruction given by the court on second degree assault. He cannot now complain. *Wylie v. Commonwealth*, Ky., 556 S.W.2d 1 (1977).

The judgment is affirmed.

All concur.