Bernard ROBERTSON, Movant,

v.

COMMONWEALTH of Kentucky,
Respondent.

Supreme Court of Kentucky.

April 1, 1980.

Rehearing Denied May 29, 1980.

Frank W. Heft, Jr., Asst. Deputy Public
Defender, Daniel T. Goyette, Deputy Public
Defender, Louisville, for movant.

Robert F. Stephens, Atty. Gen., Reid C.
James, Asst. Atty. Gen., Frankfort, for re-
spondent.

STEPHENSON, Justice.

Bernard Robertson was tried and convict-
ed of second degree forgery, KRS 516.030,
and attempt at committing theft by decep-
tion, KRS 514.040 and KRS 506.010. He
was sentenced to a term of five years in the
penitentiary on the forgery conviction and
twelve months in the county jail on the
attempt conviction. On appeal, the Court
of Appeals reversed and remanded the at-
tempt conviction with direction that the
trial court dismiss the charge. The Court
of Appeals affirmed the forgery conviction
on the ground of no showing of prejudice.
We granted discretionary review on the for-
gery conviction and reverse the forgery
conviction.

Robertson argues that the trial court
committed reversible error in the method
used in selecting a jury. (The other asser-
tion of error is moot.)

RCR 9.30(1)(a) provides:

"(1)(a) In a jury trial in circuit court
the clerk, in open court, shall draw from
the jury box sufficient names of the per-
sons selected and summoned for jury ser-
vice to compose a jury as required by law.
If one or more of them is challenged, the
clerk shall draw from the box as many
more as are necessary to complete the
jury."

KRS 29A.060 in pertinent parts provides:

"(2) To select a grand jury or a petit jury
in circuit court, the clerk shall:

(a) Draw forty (40) names at random
from the jury wheel;

(b) List the names, in the order drawn,
from one (1) to forty (40);

(c) Place forty (40) numbered balls in a
box and shake the box;

(d) Draw the required number of balls,
dependent on the number of jurors re-
quired plus alternates, from the box and
record the number of each ball as it is
drawn.

\* \* \* \* \* \*

"(4) The names corresponding to the
numbers on the balls which have been

drawn shall constitute the petit jury. When alternate jurors are permitted the last ball or balls drawn, as the case may be, will represent the alternate jurors. (5) As jurors are excused and new jurors are required additional balls shall be drawn from the box, one (1) for each juror required, until all of the balls in the box have been exhausted. (6) In the event that all of the balls in the box have been exhausted the box shall be refilled utilizing the process required by subsection (1) to (4) of this section."

Over the objection of both the Commonwealth and Robertson, the trial court selected the jury by the following procedure. Thirty-six jurors were called by the clerk and were assigned numbers 1 through 36; jurors 1 through 12 were seated in the jury box; the twelve seated jurors were examined by the court, the Commonwealth and the defense, resulting in excusal of seven for cause; jurors 13 through 19 were seated in the excused jurors' places; the court notified Robertson that he would have eight peremptory challenges and the Commonwealth that it would have five, since this meant that even if all peremptory challenges were exercised, only thirteen of the remaining seventeen non-seated jurors would be needed as replacements; jurors 33 through 36 were excused; Robertson exercised seven of his peremptory challenges, and the Commonwealth three of its, the challenged jurors being replaced in consecutive order, by the lowest-numbered, non-seated jurors beginning with juror 20; a few minutes later, Robertson exercised his final peremptory after being informed that one of the seated jurors was a friend of the Commonwealth's attorney; that juror, too, was replaced by the lowest-numbered juror; the remaining non-seated jurors were dismissed, and the twelve were sworn in.

The procedure of jury selection used here conflicts with RCR 9.30(1)(a) and KRS 29A.060.

The Court of Appeals recognized that the procedure was not in conformity with the Rules and the statute and that the error was properly preserved.

The Court of Appeals declined to reverse on this ground for the reason that the trial court acted in good faith and no showing of prejudice.

Robertson argues that he was prejudiced for the reason that the method of selection of the jury by the trial court denied him a jury selected at "random" as prescribed by rule and statute.

The Commonwealth concedes the error but argues the procedure used by the trial court did not violate Robertson's substantial rights and that there is no showing of prejudice.

We agree there is no showing of prejudice here, but the larger question presented is whether we should enforce substantial compliance with our rules. We conclude that it is important that the prescribed method of jury selection be followed substantially by the trial court. We are of the opinion that where the error is preserved and there is a substantial deviation in the jury selection from the rule and the statute a reversal is required. We would not consider minor errors in jury selection reversible in the absence of a showing of prejudice.

We are of the further opinion that the posture in requiring substantial compliance is necessary for the orderly functioning of the trial courts. We are of the further opinion the procedure followed by the trial court here was such flagrant error as to require reversal for a new trial. We do not require the defendant here to show any prejudice, primarily for the reason that it is ordinarily a practical impossibility. The "randomness" argument by Robertson is not an argument of prejudice but merely an argument that the rule and the statute which require "random" selection must be followed.

In a civil case, *Kentucky Farm Bureau Mutual Insurance Company v. Cook*, Ky., 590 S.W.2d 875 (1979), we reversed for the reason the trial court awarded excess peremptory challenges to one side of the case, rejecting the harmless error argument. There we said:

". . . (W)e are persuaded that when the error is properly preserved, reversal and a new trial should be awarded as a matter of law.

"The requirement of a showing of actual prejudice effectively nullifies the requirements of the rule on allocation of peremptory challenger. To show actual prejudice, the complaining litigant would be required to discover the unknowable and to reconstruct what might have been and never was, a jury properly constituted after running the gauntlet of challenge performed in accordance with the prescribed rule of the game. Add to this the further obstacle that it is the policy of the law to look with disfavor on attempts to invade the jury's internal process of decision to impeach verdicts except in relatively rare instances.

"It may be that peremptory challenges should be abolished in civil cases and only challenges for cause allowed. We are informed this is the present English practice. As long as they are retained as part of the trial process, however, we believe that their proper allocation between litigants is a substantial right which so pervades the process that its erroneous application requires reversal as a matter of law if the issue is properly preserved by the adversely affected litigant."

We conclude that jury selection in substantial accord with the rule and statute is as substantial a right as the proper number of peremptory challenges in a civil case.

The decision of the Court of Appeals and the judgment of the trial court are reversed and the cause is remanded to the trial court with directions to grant Robertson a new trial.

PALMORE, C. J., and AKER, CLAYTON, LUKOWSKY, STEPHENSON and STERNBERG, JJ., sitting.

All concur except STERNBERG, J., who dissents.