**Elmore REED, Movant,**

v.

**COMMONWEALTH of Kentucky, Respondent.**

Supreme Court of Kentucky.

Nov. 23, 1982.

Jack E. Farley, Public Advocate, Frankfort, Eleanore M. Garber, Allison, Soreff & Garber, P.S.C., Louisville, for movant.

Steven L. Beshear, Atty. Gen., Suzanne Guss, Asst. Atty. Gen., Frankfort, for respondent.

STERNBERG, Justice.

Movant Elmore Reed, on November 14, 1980, was indicted by the Grand Jury of Grant County, Kentucky, for the offense of receiving stolen property (KRS 514.110). A two-day jury trial resulted in movant's conviction, and he was sentenced to imprisonment for a period of three years. The Court of Appeals affirmed, and on March 2, 1982, this court granted review.

Counsel for movant charges that the jurors for the November, 1980, term of the Grant Circuit Court were not properly summoned and, as a result thereof, there was no properly constituted grand jury or petit jury; thus, there being no properly constituted grand jury or petit jury, any action taken by either jury would be erroneous. Movant argues that a summons for jury service may properly be made by the sheriff and in one of three ways: (1) by personally

handing the summons to the prospective juror; (2) by sending the summons to the prospective juror by registered mail, with a return receipt requested; and (3) by sending the summons to the prospective juror by certified mail, with a return receipt requested.

KRS 29A.060(8) and Section 8 of Part II of the Administrative Procedures of the Court of Justice, dealing with service of summons and which were in effect at the time of the trial of the subject action, provided as follows:

KRS 29A.060(8): *"If a grand, petit, or other jury is ordered to be drawn, the judge thereafter shall cause each person drawn for jury service to be served with a summons requiring him to report for jury service at a specified time and place, unless otherwise notified by the court and, to be available for jury service for thirty (30) judicial days thereafter. The service of summons may be either made personally by the sheriff or sent by registered or certified mail, return receipt requested, addressed to him at his usual residence, business, or post office address. In either case, notice shall be mailed or served to the juror at least thirty (30) days before he is required to attend."* (Emphasis added)

This court, on November 4, 1977, adopted "Administrative Procedures of the Court of Justice." Part II, Sections 1–35 thereof, deals with "Jury Selection and Management."

Sec. 8. Juror summons. "(1) *When the names are drawn from the wheel, the judge thereafter shall cause each person drawn for jury service to be served with a summons requiring him to report for jury service at a specified time and place, unless otherwise notified by the court, and to be available for jury service for thirty (30) judicial days thereafter. The service of summons may be either made personally by the sheriff or sent by first class mail,* addressed to him at his usual residence, business, or post office address. In either case, notice shall be mailed or served to the juror at least thirty (30) days before he is required to attend." (Emphasis added)

In the instant case, the office of the circuit clerk furnished the sheriff with the names of 80 prospective jurors. The sheriff, in turn, mailed each summons by first class mail to the prospective jurors. The deputy circuit clerk testified that the records in her office reflect that all 80 summonses were received by the prospective jurors. The issue, however, is not how many were served; the issue is the manner in which they were served. Counsel for movant would have this court require the summonses to be served, if not personally, by mailing the summonses to the prospective jurors either by registered or certified mail, with return receipts requested as delineated in KRS 29A.060(8). On the other hand, the Commonwealth would have this court approve service of a summons by first class mail as set out in the administrative procedures.

██ Service by certified or registered mail, with return receipt requested, as directed by KRS 29A.060(8), has for its purpose the verification of delivery to the addressee (prospective juror). In the instant case, the movant does not contend that the prospective jurors did not receive their summonses; only that the summonses were not mailed by either certified or registered mail. Nothing in the instant case could have been accomplished by certified or registered mail that was not accomplished by first class mail. All of the prospective jurors were notified of the need for their services as jurors. They all showed up at the proper place and at the proper time. In *Robertson v. Commonwealth,* Ky., 597 S.W.2d 864 (1980), this court considered the method used in the selection of a jury. After analyzing the subject, this court wrote:

"We agree there is no showing of prejudice here, but the larger question presented is whether we should enforce substantial compliance with our rules. We conclude that it is important that the prescribed method of jury selection be followed substantially by the trial court.

We are of the opinion that where the error is preserved and there is a substantial deviation in the jury selection from the rule and the statute a reversal is required. We would not consider minor errors in jury selection reversible in the absence of a showing of prejudice."

Movant made no showing of prejudice by the manner of service of summons. The manner of summoning the prospective jurors substantially complied with the statute, and the deviation from the statute was minor.

The manner of summoning the prospective jurors was in strict and complete compliance with the method of summoning as set out in the rules of administrative procedure.

In passing, we call attention to Chapter 449 of the Acts of the regular 1982 session of the Kentucky General Assembly. KRS 29A.060(8) was amended so as to permit the service of summons by first class mail. This amendment, however, did not go into effect until October 1, 1982.

Movant, prior to any voir dire or selection of the trial jury, called the trial judge's attention to the fact that only 32 prospective jurors were recognized; whereas, KRS 29A.060(2)(a) required 40 names to be drawn. Objection therefore was made by movant to the swearing and the voir dire of the jury. Eight more jurors were called to complete the panel of 40 and to satisfy the requirements of KRS 29A.060(2)(a). Counsel for both movant and respondent announced ready for trial.

Irrespective of whether the statute or the rule of this court applies to the issue, we are of the opinion that the prospective jurors were duly summoned.

Movant further charges that "the trial court selected the jury by calling 25 names rather than the number of jurors required plus alternates." KRS 29A.060(2)(d). This error, if any, was not objected to by movant; consequently, it was waived.

The decision of the Court of Appeals is affirmed.

All concur.