Teresa BARTLEY, administratrix of the estate of Bryant Milby, deceased; Teresa Bartley, a single person in her own right; and Dennis B. Milby, a single person, Appellants,

v.

Sarah Jane LOYALL, Appellee.

Court of Appeals of Kentucky.

Dec. 17, 1982.

Morris Butler, Butler, Butler & Hudson, Greensburg, for appellants.

William Colvin, P.S.C., Greensburg, for appellee.

Before HOWERTON, WHITE and WILHOIT, JJ.

WILHOIT, Judge.

Teresa Bartley and Dennis Milby are children of the deceased, Bryant Milby. They appeal from a Green Circuit Court verdict and judgment holding a deed conveying approximately one acre of land from Bryant Milby to his sister, the appellee, Sarah Loyall, to be valid. They allege that the verdict was not based on substantial evidence and that the jury was not selected in compliance with KRS 29A.060.

The question concerning the sufficiency of the evidence was raised for the first time in a motion for a judgment notwithstanding the verdict or for a new trial. Such action was not timely. *Cox v. City of Louisville,* Ky., 439 S.W.2d 51 (1969).

The second issue involving the method used in selecting the jury panel presents a troublesome question. KRS 29A.060(2) provides that:

> To select a grand jury or a petit jury in circuit court, the clerk shall:
>
> (a) Draw forty (40) names at random from the jury wheel;
>
> (b) List the names, in the order drawn, from one (1) to forty (40);
>
> (c) Place forty (40) numbered balls in a box and shake the box;
>
> (d) Draw the required number of balls, dependent on the number of jurors required plus alternates, from the box and record the number of each ball as it is drawn.

Subsection (4) directs that the people whose names correspond to the numbers on the balls which have been drawn shall constitute the jury. The statute also provides for additional numbers when alternate jurors are needed or permitted, and for additional jurors when some jurors are excused or when all the names are exhausted. The purpose is to insure the random, unbiased selection of jurors.

In this case, the Green Circuit Court Clerk was related to the parties and was called as the final witness for the appellee. The appellants' counsel contends that he became suspicious of some irregularity following the trial, and as part of the proceedings on the motion for a judgment n.o.v. or for a new trial, he deposed the clerk regarding the manner in which the jury had been selected. The clerk produced a list containing names of thirty-three people who had been called for duty on the date of the trial of this case. She testified that they had been picked by number from the master list of jurors for the month. She indicated that the purpose was to keep everyone serving an equal number of days. If one juror had

served on two occasions and another had served only one time, she would select the juror who had served only one time and skip the one who had served twice. This procedure was apparently routinely followed in the Green Circuit Court and was done at the suggestion of the trial judge. There is no evidence that the parties knew of the procedure until after the trial. The method used, no doubt with the best of intentions, was a substantial deviation from that prescribed by the statute.

The appellants cite *Robertson v. Commonwealth,* Ky., 597 S.W.2d 864 (1980), and *Allen v. Commonwealth,* Ky.App., 596 S.W.2d 21 (1979), in support of a reversal. These cases stand for the proposition that no substantial deviation from the method of jury selection provided by the rules and statutes is permitted, and where such a deviation has occurred, regardless of a showing of prejudice, if the error is properly preserved, a reversal is required. But since Bartley and Milby made no objection to the selection of the jury until they filed their motion for a new trial, the appellee contends the question of jury selection has not been properly preserved for our review. In support of this contention, she cites *Harper v. Crawford,* Ky., 275 S.W.2d 897 (1955), and *Johnson v. Commonwealth,* Ky., 391 S.W.2d 365 (1965), *cert. denied,* 383 U.S. 913, 86 S.Ct. 900, 15 L.Ed.2d 667 (1966).

The *Johnson* case held that an objection to the qualifications of jurors may not be made after the jury is sworn to try the case, but the result reached in that case was predicated upon the former KRS 29.025(2) (repealed 1976). In the *Crawford* case, which involved an irregularity in the method by which jurors' names were selected, the Court stated the general rule that a challenge to a juror or to the panel for cause must be made "before the trial starts and not afterward[,]" *id.* at 898, but it appeared to turn the case on the fact that the irregularity was slight and there was no evidence of prejudice to the complaining party. The Court listed as authority for the general rule concerning challenge for cause *Higgins v. Commonwealth,* 287 Ky. 767, 155 S.W.2d 209 (1941), and *Galliaer v. Southern Coal Co.,* 247 Ky. 752, 57 S.W.2d 645 (1933). In *Higgins,* the Court took no position on whether a challenge to a juror's qualification could ever be raised after the trial began but dismissed the challenge there because the defendant had not presented proper evidence of the juror's disqualification. It did, however, quote from 31 Am. Jur. § 119, at 648, that "[i]t has been ruled that objections not known or to be anticipated are not waived by failure to ask the juror about them[,]" and it noted that in the case before it the defendant had failed to show that he exercised reasonable diligence upon voir dire to discover the claimed disqualification that a juror was deaf. In *Galliaer,* which involved an irregular selection of jurors' names, the Court again quoted the general rule but observed that the assessor's book from which the names of jurors were to be drawn was a public record to which the appellant had access, as he also had to the jury list, and that if he wished to challenge jurors whose names were not found in the book, he had to have complained before the jury was accepted.

*Taylor v. Commonwealth,* 256 Ky. 667, 76 S.W.2d 923 (1934), considered the question of whether a challenge to a jury because the jury commissioners who selected the jurors had been improperly appointed had been waived because the challenging party had failed to raise the matter until his motion for a new trial. There again the Court set out the general rule but further explained the rule to be:

> that a defeated litigant would not be permitted to take the chances of a favorable verdict at the hands of a jury improperly selected and then repudiate his action in submitting thereto when the verdict was unfavorable to him.

*Id.* 76 S.W.2d at 926. The appellant maintained that the rule should not preclude his raising the irregularity when he did because he was not aware of the improper selection of commissioners at the time he accepted the jury. With respect to this argument, the Court held:

[w]hether or not jury commissioners had been properly appointed and had properly acted were matters of public record, and in the cited opinions [*Continental Coal Corp. v. Cole's Administrator*, 155 Ky. 139, 159 S.W. 668 (1913), and *Galliaer v. Southern Harlan Coal Co., supra*] we said that a litigant is charged with knowledge that could be obtained by ordinary diligence and especially by consulting a public record; and, a fortiori, should that be true when the public record is that of the court itself in which the trial is being conducted. It is, therefore, apparent that this objection also is unavailable.

*Id.* 76 S.W.2d at 927.

The clear implication of all of the cases which we have discussed is that a challenge to the qualifications of jurors because of a substantial deviation in the method of their selection is not waived by failing to raise the challenge before the jury is selected if the complaining party neither knew nor by the exercise of reasonable diligence could have known of the grounds for challenge before the jury was accepted to try the case. In the case before us, it is obvious that the irregular selection of jurors could not have been revealed by voir dire examination of the jurors, nor would the method of selection have been revealed by any court or other public record. There is no evidence of facts which should have led the appellants to anticipate or suspect any irregularity. In fact, it appears that the only way the appellants could have become aware of how the jurors were selected for duty would have been to question the circuit judge or the circuit clerk. We do not believe that reasonable diligence requires an attorney to question the clerk or judge of the court about how jurors were chosen for duty where there is nothing otherwise to lead him to suspect some irregularity. To hold otherwise would, no doubt, result in such questioning by conscientious attorneys in every case in order to guard their clients against a species of error which is, after all, quite rare.

Under circumstances where as far as the record discloses, the appellant had no cause to suspect irregularity until after the trial, and the irregularity constitutes reversible error, we hold that the error is properly preserved although raised for the first time in a motion for new trial. *See State v. Rouner*, 333 Mo. 1236, 64 S.W.2d 916, 92 A.L.R. 1099 (1933); 47 Am.Jur.2d *Jury* § 232 (1969); 50 C.J.S. *Juries* § 251 (1947).

The judgment of the trial court is reversed and this case is remanded with instructions that the appellant be granted a new trial.

WHITE, J., concurs.

HOWERTON, J., dissents.

HOWERTON, Judge, dissenting.

Except for the statement of the issues and the presentation of the facts, I find little to agree with in the majority opinion. I believe the result is wrong and the precedent it sets invites disaster. The opinion is not based on clear law or sound logic, and I must therefore vigorously dissent.

As to the first issue concerning the sufficiency of the evidence, the majority correctly concluded that the challenge was untimely. It should be noted, however, that the evidence was clearly sufficient to uphold the validity of the deed. If there was any deficiency, it was in the appellants' lack of proof. The testimony of Bryant Milby's doctor, his sister, and the attorney who prepared the deed supported his mental capacity. The only evidence to prove his incapacity was the testimony that Bryant Milby "just wasn't himself." I do not propose to resolve the jury selection issue on the basis of the harmless error rule; but it is difficult to see, in the light of the total record, how the verdict in this case would have been any different with any jury.

There are several reasons why the trial court should be affirmed on the problem involving the selection of the jury panel. Although I conclude that the issue was not properly preserved for our review, I can not be satisfied with that comment or mere basis. This dissent must present an alternative to the majority opinion and address the problems and questions which justify further discussion.

The majority opinion quoted from KRS 29A.060, which sets forth the method for selecting jurors. Clearly, the method of selection constituted a substantial deviation, but the following questions remain: (1) when must one object, and (2) can a substantial deviation be waived without or before having specific knowledge of it? To present an alternative, to answer the questions and to discuss the appellants' allegation of error, I would have the majority opinion read as follows, beginning at the point where the majority cites the *Robertson* and *Allen* cases.

The appellants cite *Robertson v. Commonwealth,* Ky., 597 S.W.2d 864 (1980), and *Allen v. Commonwealth,* Ky.App., 596 S.W.2d 21 (1979), in support of a reversal. Although these cases stand for the proposition that no substantial deviation may be allowed in the selection of jurors, regardless of a showing of prejudice, each case is nevertheless distinguishable in that there were timely objections. Bartley and Milby made no objection to the selection of the jury until they filed their request for a new trial. A timely objection is necessary, and I must conclude that an objection following a trial is not timely. In *Robertson, supra,* the opinion reads:

> [I]t is important that the prescribed method of jury selection be followed substantially by the trial court. We are of the opinion that *where the error is preserved* and there is substantial deviation in the jury selection from the rule and the statute a reversal is required. We would not consider minor errors in jury selection reversible in the absence of a showing of prejudice. (Emphasis added.) *Id.,* at 865.

Our procedural rules require that, "[a] motion raising an irregularity in the selection or summons of the jurors or formation of the jury must precede the examination of the jurors." 8 Fitzgerald, *Kentucky Practice,* AD PRO II, (1978), at 655. *See also,* RCr 9.34. The quotation is from the section entitled "Challenge to Panel." It was argued that this rule applies only to the selection and summoning of jurors for the master panel called to serve for a term of court, but I do not agree. AD PRO II, § 1(4) provides that " '[j]ury panel' means the group of prospective jurors who are summoned to appear on a stated day and from which a grand jury or petit jury will be chosen." 8 Fitzgerald, *supra,* at 641. This is verbatim to the definition of "jury panel" as is found in *Black's Law Dictionary,* 769 (5th ed. 1979). The term "panel" is defined as "[a] list of jurors to serve in a particular court, or for the trial of a particular action." *Black's Law Dictionary,* at 1000. The jury selected for this trial constituted a panel, § 30 applied, and the required objection was not timely made.

In summary, the exercise of due diligence by an attorney requires that any deviation from the prescribed method for selecting jurors for a panel be discovered and challenged prior to voir dire. When a proper objection is made, substantial deviations must be corrected, even without a showing of prejudice. Minor deviations need not be corrected unless prejudice can be shown. As a general rule, the law does not apply a waiver when one has no knowledge of a defective situation. However, since the exercise of due diligence requires an attorney to discover deviations in proper jury selection prior to examining the jurors, any defect is waived when no timely objection is offered.

Perhaps it is unfortunate that attorneys are required to examine clerks about their method of jury selection before trying a case, but this is the only way the system can properly work. In balancing all of the interests involved in this situation, it is necessary to require attorneys to investigate and question the selection methods prior to trial, or else force a waiver of their right to object to subsequently discovered irregularities. To allow challenges subsequent to trial invites attorneys to suspect error but wait until a case is lost before objecting. Such late challenges would also leave the door open for never-ending litigation. If a new trial is allowed in this case, a new trial will be appropriate in any other case in the Green Circuit Court, or elsewhere, wherein

jury panels were improperly selected. Each side which lost may demand a new trial.

In actuality, few clerks will be questioned. There should be no need for examination unless there is something suspicious or possibly prejudicial about a panel. Generally, with proper preparation for a jury trial, an attorney will have some suspicion of impropriety, if a panel appears to be "stacked."

Litigants who have been prejudiced by irregularities in jury panel selection are not totally without a remedy. They may seek post-judgment relief under CR 60.02.

The judgment of the Green Circuit Court should be affirmed.