**OHIO CASUALTY INSURANCE COMPANY, Appellant,**

v.

**Alfredo CISNEROS, Appellee.**

Court of Appeals of Kentucky.

Aug. 26, 1983.

plaintiff. *Lawrence v. Marks,* Ky., 355 S.W.2d 162 (1962).

Marcia Milby Ridings and Robert L. Milby, Hamm, Milby & Ridings, London, for appellant.

Darrell L. Saunders, Forcht & Trimble, P.S.C., Corbin, for appellee.

Before HOGGE, McDONALD and REYNOLDS, JJ.

HOGGE, Judge.

Ohio Casualty Insurance Company appeals from a judgment of the Whitley Circuit Court awarding policyholder Alfredo Cisneros $18,000 in no-fault and uninsured motorist benefits. The appellant argues that the circuit court erred in not granting its motion for judgment notwithstanding the verdict or for a new trial. This argument is based on two contentions: (1) that fraud as to the policyholder's inability to work should have defeated his recovery and (2) that the presence of a convicted felon on the jury rendered the verdict void.

KRS 29A.080(2) provides that a prospective juror is disqualified to serve on a jury if he has been previously convicted of a felony and has not been pardoned by the governor or other authorized person of the jurisdiction in which he was convicted. After the verdict in this case had been entered, the appellant's attorney learned that one of the jurors, who had been the first to sign the verdict, was a convicted felon who had not been pardoned. He moved for a new trial, but that motion was denied.

There are numerous Kentucky cases holding that a challenge to the qualification of a juror must be made before the jury is empaneled. *See,* for example, *Harper v. Crawford,* Ky., 275 S.W.2d 897 (1955); *Johnson v. Commonwealth,* Ky., 391 S.W.2d 365 (1965). The appellant contends that such cases are not controlling, for the reason that they were decided prior to the

September 1, 1977 effective date of KRS 29A.080, which states "[t]here shall be no waiver of these disqualifications." The appellant comments that KRS 29.025(2), which stated that no exception should be taken to any juror for lack of qualification after the jury has been sworn, has been repealed. There appear to be no case decisions interpreting the "no waiver" provision of KRS 29A.080(3).

It is our opinion that KRS 29A.080(3) is directed to the judge in his activities in drawing up the jury list, and simply provides that he cannot waive any of the disqualifications in order to allow a prospective juror to serve. While it might be argued that *Bartley v. Loyall,* Ky.App., 648 S.W.2d 873 (1982), indicates that irregularities with respect to the jury first discovered after trial may be raised at that time, the *Bartley* case is in fact distinguishable from the situation before us. *Bartley* involved the method by which jurors were selected rather than juror disqualifications. We adhere to the longstanding rule that any challenge to the qualification of a juror must be made before the jury is empaneled. *Johnson, supra; Hatton v. Commonwealth,* 294 Ky. 740, 172 S.W.2d 564 (1943). To permit challenges after the verdict is rendered invites a situation in which attorneys may suspect a problem but wait until a case is lost before objecting. Allowing the issue to be raised subsequent to trial also encourages never-ending litigation. We hold that the trial court did not err in denying the motion for new trial which the appellant made on grounds of the disqualified juror.

The second issue raised by the appellant is whether alleged fraud in the presentation of appellee's claim should defeat his right of recovery. Mr. Cisneros, a Mexican-American of limited educational attainments, testified in response to questions that he had not worked for anyone other than himself after the accident. He did, however, testify that he earned $11,000 in 1981, subsequent to the accident. The appellant introduced evidence of the claimant's employment as a manual laborer for Hacker Brothers, Inc., in 1981. The con-

flicting testimony went to the jury, who awarded Cisneros $10,000 in lost income. At the close of the proof the appellant moved for dismissal on the grounds of fraud in the presentation of the claim. That motion was overruled by the trial court, who said that, considering the language barrier and the claimant's lack of education, he could not hold as a matter of law that the testimony would bar recovery.

Fraud is an affirmative defense which must be pleaded. The appellant failed to do this, and the appellee brought that failure to the attention of the trial court in order to object to it. We hold that the defense of fraud was unavailable for failure to so plead.

The judgment of the Whitley Circuit Court is affirmed.

All concur.