**Tommy Lee WILLIAMS, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

June 12, 1987.

Case Ordered Published by Court of Appeals July 10, 1987.

Rehearing Denied July 31, 1987.

Discretionary Review Denied by Supreme Court Sept. 15, 1987.

HOWARD, Judge.

Tommy Lee Williams appeals from a judgment of Jefferson Circuit Court, entered pursuant to a jury verdict, convicting him of first-degree robbery and sentencing him to ten years in the penitentiary.

The issues on appeal are 1) whether a confession made by appellant was spontaneous and voluntary; and 2) whether the trial court complied with statutes and rules governing jury selection.

On August 15, 1985, police officers went to an address in Louisville to execute a warrant for appellant's arrest on a charge of armed robbery at a grocery store. Upon entering the house, they found one individual hiding under clothes on the floor. Noise emanated from a closet, and an officer drew his gun and ordered whoever was inside to come out. Appellant appeared. He was told to get down to the floor and twice was asked to identify himself. According to police, his response to the second inquiry was "Tommy Lee Williams, I robbed the store", although appellant himself testified he only gave the officer his name. Police told him he was under arrest. He was handcuffed and advised of his *Miranda* rights. Appellant allegedly made other incriminating statements afterwards.

Appellant now claims that the first incriminating statement he allegedly made while lying on the floor held at gunpoint lacked voluntariness and, if made, was the result of a threat of imminent bodily harm. He argues, therefore, that it should not have been admitted as evidence against him. Furthermore, he claims that the other statements made after *Miranda* warning should have been suppressed because they were tainted by the pre-*Miranda* violation.

It has long been held by the United States Supreme Court that a coerced confession, one obtained under physical intimidation or psychological pressure and overcoming someone's will, is inadmissible. Some applicable situations would include administering drugs before getting a confession, *e.g., Jackson v. Denno,* 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964); *Townsend v. Sain,* 372 U.S. 293, 83 S.Ct.

Frank W. Heft, Jr., Chief Appellate Defender of the Jefferson Dist. Public Defender, (Daniel T. Goyette, Jefferson Dist. Public Defender, of counsel), Louisville, for appellant.

David L. Armstrong, Atty. Gen., Daniel E. Cohen, Asst. Atty. Gen., Frankfort, for appellee.

Before HOWARD, LESTER and REYNOLDS, JJ.

745, 9 L.Ed.2d 770 (1963), or physical brutality by police, *e.g., Beecher v. Alabama,* 389 U.S. 35, 88 S.Ct. 189, 19 L.Ed.2d 35 (1967); *Tabor v. Commonwealth,* Ky., 613 S.W.2d 133 (1981). In other words, the circumstances must be egregious.

Jefferson police handled appellant roughly. However, we are of the opinion that their conduct cannot be characterized as brutality. Furthermore, we believe that they dealt with the circumstances justifiably and reasonably. They had an arrest warrant for a Tommy Lee Williams, and needed to identify the man coming out of the closet. This was a limited purpose, completely appropriate when investigating possible criminal behavior. *See Deberry v. Commonwealth,* Ky., 500 S.W.2d 64 (1973); *Bays v. Commonwealth,* Ky., 486 S.W.2d 706 (1972). In addition, the victim had described the crime to police as involving a handgun. It would have been very unwise of police officers who, after getting no answer at the front door, enter a house through a window in order to arrest the suspect in reported armed robbery, and finding one individual hiding under clothes and hearing noise in a closet, to not reach for their guns. They made appellant lie down presumably in an attempt to prevent him from reaching for a deadly weapon he could very well have carried on his person. All they asked of appellant was his name. Nothing they said or did was an invitation to appellant to blurt out a confession.

We see no police misconduct which would allow a finding that the incriminating statement was not freely and voluntarily made. A spontaneous, voluntary preinterrogation or precustody statement is admissible. *See Spirko v. Commonwealth,* Ky., 480 S.W.2d 169 (1972); *Wilson v. Commonwealth,* Ky., 411 S.W.2d 33 (1967). Furthermore, at the suppression hearing, the prosecution affirmatively established the circumstances of the incriminating statement through the testimony of the police officers involved in appellant's arrest. Since appellant offered no evidence to contradict their version of the events surrounding the confession, the required preponderance of the evidence standard was satisfied by the Commonwealth. *See Tabor v. Commonwealth, supra.* We hold that appellant's incriminating statement was spontaneous and voluntary and consequently the court properly denied its suppression. This ruling makes it unnecessary for us to review the second prong of appellant's claim. There was no poisonous tree, and so there could be no poisonous fruit. *See Wong Sun v. United States,* 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963).

Appellant's second allegation of error concerns jury selection. Appellant correctly notes the issue was not preserved for review. *See Howard v. Commonwealth,* Ky.App., 608 S.W.2d 62 (1980); *Moore v. Commonwealth,* Ky.App., 597 S.W.2d 155 (1979).

Although we cannot review appellant's claim, we shall utilize its content as a springboard from which to issue guidelines for future cases dealing with this important topic.

Appellant claims that the number of prospective jurors called by the court (38), and the decision made by the court to randomly select 28 out of that number for the jury selection process, did not conform to the statute and the rules. KRS 29A.060(2); RCr 9.30(1)(a); 9.36(2). Appellee argues that 28 represents 13 to be seated plus 15 to be stricken by peremptory challenge, which conforms to the requirements of RCr 9.36(2)—challenge to Individual Jurors. We concur with the Commonwealth's position here. We reaffirm that the power to fix the method for jury selection is more inherently one for the courts than for the legislature and that any conflict between the rules and the statute must be resolved by following the rules rather than the statute. *See Trent v. Commonwealth,* Ky.App., 606 S.W.2d 386, 387 (1980), where we found that an initial panel of 25 potential jurors conformed with RCr 9.36.

▉ The central principle in any jury selection is the preservation of randomness all through voir dire and peremptory challenges. Appellant correctly states that no prejudice needs to be shown when the deviation from randomness is substantial. Randomness means that, at no time in the

jury selection process will anyone involved in the action be able to know in advance, or manipulate, the list of names who will eventually compose the empaneled jury. Appellant cited two cases where substantial predictability and manipulation were patent. *Robertson v. Commonwealth,* Ky., 597 S.W.2d 864 (1980); *Allen v. Commonwealth,* Ky.App., 596 S.W.2d 21 (1979). In the case at bar, all 38 potential jurors initially selected at random remained in the courtroom, available at all times during voir dire to randomly replace stricken jurors. We see no deviation from the randomness required by the statute and the rules.

We affirm the judgment of the Jefferson Circuit Court.

All concur.