946 F.2d 894
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Donald Wayne FOSTER, Petitioner-Appellant,
v.
Dewey SOWDERS, Warden, Respondent-Appellee.
 No. 91-5784.
 United States Court of Appeals, Sixth Circuit.
 Oct. 10, 1991.
 
 1
 Before BOYCE F. MARTIN, Jr. and MILBURN, Circuit Judges, and ROSEN, District Judge.*
 
 ORDER
 
 2
 Donald Wayne Foster, a pro se Kentucky prisoner, appeals the district court's order dismissing his petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 A jury convicted Foster in 1982 of two counts of trafficking in LSD and one count of possessing LSD, in violation of Ky.Rev.Stat. § 218A.140. Foster admitted his guilt during his trial testimony. He was sentenced on September 3, 1982 to two consecutive 10-year terms of imprisonment for trafficking and to a concurrent 1-year term for possession. Foster's direct appeal, in which he raised issues of involuntary guilty plea and prosecutorial misconduct, was finally denied by the Kentucky Supreme Court on August 31, 1983.
 
 
 4
 Foster subsequently brought a RCr 11.42 motion in Madison Circuit Court, raising the issue of ineffective assistance of counsel because counsel did not obtain a psychiatrist as an expert witness or investigate the grand and petit juries. This motion was denied on April 27, 1984 and the denial was affirmed by the Kentucky Court of Appeals. The Kentucky Supreme Court denied Foster's belated motion for an enlargement of time in which to apply for discretionary review on August 31, 1990.
 
 
 5
 In his present petition, Foster raises one ground for relief: ineffective assistance of counsel because counsel did not adequately investigate the grand and petit juries which were allegedly impaneled in violation of Kentucky law.
 
 
 6
 The respondent filed a motion to dismiss or for summary judgment to which Foster responded. A magistrate judge issued a report on April 22, 1991 in which he recommended that Foster's petition be dismissed with prejudice. In light of the Kentucky appellate court's factual finding that Foster's trial counsel "had no reason to believe at the time that the grand jury was improperly impaneled," the magistrate judge concluded that a reasonably competent defense attorney had no duty to investigate the matter. Further, he found no fifth or fourteenth amendment violation and determined that, even if a constitutional error were assumed, it was harmless beyond a reasonable doubt. After considering Foster's objections, the district court adopted the magistrate judge's report and recommendation and dismissed Foster's petition in an order filed June 18, 1991.
 
 
 7
 On appeal, Foster continues to argue the merits of his petition. He requests the appointment of counsel and a transcript at government expense in his brief.
 
 
 8
 Upon review, we affirm the district court's order because Foster has not shown that his trial was fundamentally unfair. See Lundy v. Campbell, 888 F.2d 467, 469-70 (6th Cir.1989), cert. denied, 110 S.Ct. 2212 (1990).
 
 
 9
 To establish ineffective assistance of counsel, Foster must show that his counsel's performance was deficient and that the deficient performance prejudiced his defense so as to render the trial unfair and the result unreliable. See Strickland v. Washington, 466 U.S. 668, 687 (1984). In the absence of reason to believe the selection procedures were irregular, counsel's performance cannot be considered deficient for failing to investigate the procedure by which the grand and petit juries were impaneled. See United States v. Grewal, 825 F.2d 220, 222-23 (9th Cir.1987); Bartley v. Loyall, 648 S.W.2d 873, 876 (Ky.App.1982).
 
 
 10
 Moreover, even if a constitutional error is assumed, the district court correctly found that any such error would be harmless beyond a reasonable doubt. See Rose v. Clark, 478 U.S. 570, 576 (1986); United States v. Mechanik, 475 U.S. 66, 71-73 (1986). The record establishes that Foster admitted his guilt in the charged offenses while testifying under oath. Consequently, Foster cannot show that the result of his trial is unreliable, and he is not entitled to habeas relief.
 
 
 11
 Accordingly, the requests for counsel and a transcript at government expense are denied. The district court's order dismissing Foster's petition for a writ of habeas corpus is affirmed for the reasons stated in the magistrate judge's report and recommendation as adopted by the district court. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Gerald E. Rosen, U.S. District Judge for the Eastern District of Michigan, sitting by designation