**Bobby D. WARREN, Appellant,**

v.

**COMMONWEALTH of Kentucky,
Appellee.**

No. 92–CA–002382–MR.

Court of Appeals of Kentucky.

Aug. 26, 1994.

Discretionary Review Granted
Feb. 8, 1995.

Discretionary Review Vacated
July 6, 1995.

J. David Niehaus and Daniel T. Goyette, Louisville, for appellant.

Chris Gorman, Atty. Gen., Samuel J. Floyd, Jr., Asst. Atty. Gen., Frankfort, for appellee.

Before EMBERTON, GARDNER and WILHOIT, JJ.

EMBERTON, Judge.

This is an appeal from a judgment convicting the appellant, Bobby D. Warren, of burglary in the second degree and sentencing him to five years' imprisonment. On appeal, the primary issue is whether the trial court erred, as a matter of law, in not granting a new trial on the basis of an improperly selected petit jury. Reversing the judgment, we vacate the order denying the motion, and remand this action to the trial court.

The facts are not in dispute. On June 20, 1991, the Jefferson County grand jury indicted the appellant on a charge of second-degree burglary as a result of a break-in at the home of Janice Towns on April 25, 1991. By jury trial, the appellant was found guilty of second-degree burglary and a sentencing hearing, before the court, was set for a later date.

The appellant filed his motion for a new trial raising, among others, the issue of whether the panel from which the jury was selected was improperly constituted. In his motion, appellant's counsel stated that he learned of the irregularity on June 30, 1992, four days after the conclusion of the trial. Specifically, the motion stated that the jury pool was tainted as a result of an illegal delegation of authority to jury administrators under an order dated January 15, 1990. The order, which expired on December 31, 1991, gave authority to jury administrators to rule on jurors' requests for excusal, disqualification or other postponements. The order was issued in absence of enabling authority. Therefore, the appellant argued that under II ADPRO Section 10(1), 14(1), as well as KRS 29A.080 and 29A.110, the jury as impaneled was illegally constituted. *See Robertson v. Commonwealth*, Ky., 597 S.W.2d 864, 865 (1980). Significantly, the order delegating such statutory authority to jury administrators expired on December 31, 1991. Apparently, at the time of the appellant's trial, the jury administrators were still acting to screen all jury requests for excusals and disqualifications notwithstanding the expiration of the order.

At the scheduled sentencing hearing on September 10, 1992, the trial court denied the appellant's motion holding that since the defect in the composition of the jury, if any, was not challenged prior to the trial, the appellant waived any possible defect in its composition. The trial court imposed a sentence of five years and it is from this judgment that Warren appeals.

■ Here, the issue is whether the language of RCR 9.34, as well as the decision in *Commonwealth v. Nelson*, Ky., 841 S.W.2d 628 (1992), preclude the appellant from raising error as to the composition of the jury panel. RCr 9.34 states:

A motion raising an irregularity in the selection or summons of the jurors or formation of the jury must precede the examination of the jurors.

Arguably, on the basis of this language alone, the appellant waived any defect in the composition of the jury panel.

In *Nelson, supra*, the issue was whether the grand jury was wrongly impaneled as a result of improper delegation of judicial discretion to a jury pool administrator. In ruling that delegation of discretion to a jury pool administrator was improper, the *Nelson* court addressed the issue of preserving possible error:

This Court has stated that

[w]e are of the opinion that *where the error is preserved* and there is a substantial deviation in the jury selection from the rule and the statute a reversal is required.

*Robertson v. Commonwealth*, Ky., 597 S.W.2d 864, 865 (1980). We have determined that, if such an error is preserved for review, the delegation of the chief judge's authority to disqualify, postpone and excuse jurors was violative of KRS 29A.080, KRS 29A.110 and Ad.Proc. section 8 and section 12.

At page 632.

Yet here, the appellant argues that neither he nor his counsel could have known by the exercise of due diligence that the jury panel was illegally and irregularly selected until the trial had been completed. Specifically, he argues that since the order entered January 15, 1990, expired on December 31, 1991, there was no written or published directive authorizing a jury pool administrator to continue exercising the judicial discretion afforded to the chief circuit judge. The court in *Nelson, supra*, addressed the issue of discoverability and stated in part:

It may be argued that *Bartley v. Loyall*, Ky.App., 648 S.W.2d 873 (1982), indicates that irregularities with respect to the jury, which are first discovered after trial, may be raised at that time. However, *Bartley* is distinguishable from the case at bar. *Bartley* involved the method by which jurors were selected and specified that the *complaining party neither knew nor by reasonable diligence could have known* the grounds for challenge before the jury was accepted. *Bartley* at 875. The instant case involves a published delegation of the

power to grant juror disqualification, postponement, and excusal.

At 632. (Emphasis added.)

*Bartley, supra,* therefore stands for the proposition that a challenge to a jury panel is not waived by failing to raise the challenge before the jury is selected if the complaining party "neither knew nor by the exercise of reasonable diligence could have known of the grounds for challenge before the jury was accepted to try the case." At 876.

Here, the order of January 15, 1990, by its own terms, expired December 31, 1991. With no published order in effect at the time the jury was impanelled, neither appellant, nor his counsel, could have known of the grounds for the challenge until after the jury was impanelled. Therefore, the appellant did not waive his right to challenge the composition of the jury panel and, the trial court erred in not granting his motion for a new trial.

The judgment is reversed and the case is remanded for a new trial.

All concur.