COMMONWEALTH of Kentucky,
Appellant,

v.

Bobby D. WARREN, Appellee.

No. 94–SC–766–DG.

Supreme Court of Kentucky.

July 6, 1995.

## DISSENT TO ORDER VACATING DISCRETIONARY REVIEW BY JUSTICE LEIBSON

Prior report: 903 S.W.2d 907.

Respectfully, I dissent from the decision of our Court to vacate discretionary review, permitting the Court of Appeals' Opinion in this case to stand and to be published.

In March 1988, the Chief Circuit Judge of Jefferson County issued an order, expiring December 31, 1989, authorizing the jury pool administrators to determine which jurors should be excused, postponed or disqualified from jury service. A similar order was issued January 15, 1990, with an expiration date of December 31, 1991. After that order expired, the jury pool administrators continued to determine which jurors should be excused, although a new order was not entered until June 30, 1992. In *Commonwealth v. Nelson*, Ky., 841 S.W.2d 628 (1992), this Court held that, **"if such error is preserved for review,** the delegation of the Chief Judge's authority to disqualify, postpone and excuse jurors was violative of" the statutes and rules. *Id.* at 632. Emphasis added.

Warren was tried in Jefferson Circuit Court on June 25, 1992, during a period when the jury panel was improperly selected but no order was in effect. Warren first objected to the composition of his jury six days after he was found guilty of second-degree burglary. He filed a motion for a new trial raising, among others, the issue of whether the panel from which the jury was selected was improperly constituted. The trial court denied Warren's motion holding that since composition of the jury was not challenged prior to trial, Warren waived any possible defect in its composition. The trial court was correct.

RCr 9.34 states:

A motion raising an irregularity in the selection or summons of the jurors or formation of the jury must precede the examination of the jurors.

From this language, and the language of *Nelson, supra, Robertson v. Commonwealth,* Ky., 597 S.W.2d 864 (1980), and *Allen v. Commonwealth,* Ky.App., 596 S.W.2d 21 (1979), it is apparent that Warren waived any defect in the composition of the jury panel.

In *Bartley v. Loyall,* Ky.App., 648 S.W.2d 873 (1982), the Court of Appeals held that a challenge to the method of juror selection was not waived by failure to challenge the method before the jury was selected "if the complaining party neither knew nor by the exercise of reasonable diligence could have known of the grounds for challenge before the jury was selected." *Id.* at 876. In *Bartley,* there was "no evidence of facts which should have led the appellants to anticipate or suspect any irregularity." *Id.*

In this case, there are facts which should have led Warren to "anticipate or suspect irregularity," and "by the exercise of reasonable diligence [he] could have known of the grounds for challenge before the jury was selected." Unlike *Bartley,* where the attorney had no reason to suspect an irregularity and thus acted reasonably in failing to question the clerk or judge about jury selection procedures, in this case the improper jury selection process had been practiced continuously for four years prior to the date of Warren's trial, and during most of that four year period there was a published delegation of the Chief Judge's authority.

During the period in which no order was in effect, it was widely known that the same improper jury selection process was being used. Although the defendant in *Nelson, supra,* was indicted July 16, 1992, he filed a motion on June 29, 1992, in which he requested that his case be heard only by a legally selected grand jury. This motion, **filed during the period in which there was no order**

**in effect,** alleged that the grand jury scheduled to be impanelled on July 1, 1992, would not be legally constituted because prospective jurors had been excused by persons other than the Chief Circuit Judge or a judge designated by the Chief Circuit Judge. It is evident from the timing of Nelson's motion requesting a legally constituted grand jury that Nelson's defense counsel knew the improper selection method was being used even though no order was currently in effect. Thus, the instant case is not factually distinguishable from *Nelson* on the basis of whether a published order was in effect, because their respective records show that both cases involve the same period of time when the error reasonably could have been discovered.

WINTERSHEIMER, J., joins.