William COLVIN, Movant,

v.

COMMONWEALTH of Kentucky,
Respondent.

Supreme Court of Kentucky.

July 25, 1978.

Jack Emory Farley, Public Defender,
Timothy T. Riddell, Asst. Public Defender,
Frankfort, for movant.

Robert F. Stephens, Atty. Gen., Guy C.
Shearer, Asst. Atty. Gen., Frankfort, for
respondent.

JONES, Justice.

William Colvin was convicted of escaping
from the Kentucky State Penitentiary at
Eddyville and sentenced to four years in
prison. The Court of Appeals affirmed.
This court granted Colvin's motion for dis-
cretionary review.

The question presented is whether the
exclusion of teachers from the jury drum
prevented Colvin from having a fair trial by
a jury of his peers.

On August 26, 1974, three days before his
trial, Colvin's counsel moved the trial court
to draw a new jury list for the August, 1974
term of Lyon Circuit Court so that teachers
would not be excluded from jury service.[1]
On the day of trial, Colvin's counsel intro-
duced in the record the following uncontro-
verted avowal:

> ". . . that if Dallas Gray, jury com-
> missioner for the Lyon Circuit Court for
> the year 1974, were present and testified
> under oath, he would testify that the
> court did instruct the three jury commis-
> sioners to exclude school teachers from
> the jury wheel and they did, in fact, upon
> this instruction exclude school teachers
> from the jury wheel."

Colvin's motion to draw a new jury was
overruled by the special judge who tried the
case.

Colvin contends he was denied the
right to a trial by a jury of his peers, in
that teachers were excluded from the jury
drum. He relies upon the case of *Taylor v.
Louisiana*, 419 U.S. 522, 95 S.Ct. 692, 42
L.Ed.2d 690 (1975). While *Taylor* involved
the exclusion of women, the general rule, as
stated by the United States Supreme Court
in *Taylor*, is applicable in this case. The
United States Supreme Court pronounced
the general rule that an accused has the
right to grand and petit juries selected at
random from a fair cross section of the
community. It made the following obser-
vation:

> "Restricting jury service to only special
> groups or excluding identifiable segments
> playing major roles in the community
> cannot be squared with the constitutional
> concept of jury trial. 'Trial by jury pre-

1. It is apparent that the relief Colvin sought was to have the jury drum refilled without
exclusion of teachers.

supposes a jury drawn from a pool broadly representative of the community as well as impartial in a specific case . .'"

This court is of the view that the "fair cross-section requirement" would prohibit the exclusion of names of teachers from being placed in the jury drum.

The Court of Appeals bottomed its opinion on *Rawlins v. Georgia*, 201 U.S. 638, 26 S.Ct. 560, 50 L.Ed. 899 (1906), and cited an excerpt from *Taylor, supra*, which stated:

> "The states are free to grant exemptions from jury service to individuals in case of special hardship or incapacity and to those engaged in particular occupations, the uninterrupted performance of which is critical to the community's welfare."

This court notes that *Rawlins, supra*, was decided some 60 years prior to the adoption of the fair cross-section requirement.

*Rawlins* involved the state constitution and state statutes. That is not what is present in this case. This court is of the opinion, and so holds, that the exclusion of an identifiable segment of the community cannot be said to rest in the discretion of the trial judge. It follows therefore that the exclusion of teachers from the jury drum was erroneous.

This court recognizes that the trial judge would have had the same broad discretion to excuse for proper cause any prospective juror, including a teacher, whose name was drawn from the drum.[2]

The decision of the Court of Appeals is reversed and the case is remanded to the Lyon Circuit Court with direction that Colvin be granted a new trial by a jury properly selected according to the views expressed in this opinion.

PALMORE, C. J., and JONES, LUKOWSKY, REED and STERNBERG, JJ., concur.

STEPHENSON, J., dissents and files a dissenting opinion in which CLAYTON, J., joins.

STEPHENSON, Justice, dissenting.

I believe this is the only opinion by a court of last resort that reverses on statement of counsel without any factual basis in the record.

The statement in the majority opinion, that the question presented is whether exclusion of teachers from the jury drum prevented Colvin from having a fair trial, misses the point. The question in my view is whether there has been a showing in the record that teachers were, in fact, excluded.

The purported "avowal" is not an avowal by any test in accordance with the Rules, past or present. The witness was not present in court and his evidence was not offered. I cannot accept the proposition that the statement of counsel as to what a witness would testify, if present, rises to the stature of having any probative value at all.

The statement in the majority opinion that the "avowal" was uncontroverted is meaningless. This case was tried by a special judge. There is nothing in the record to suggest that he or the prosecution had any knowledge of the purported exclusion by the regular presiding judge.

If, in fact, teachers were excluded from the jury drum on direction of the presiding judge of the district, it would have been a simple matter to adduce proof of this fact.

I do not believe we should reverse a case on statement of counsel absent any proof of probative value to support the statement.

CLAYTON, J., joins this dissent.

---

**2.** "Only those who, in the sound discretion of the court, are entitled to exemption shall be exempt from service on any grand or petit jury." KRS 29.035. (Note: The 1977 Legislature in special session repealed KRS 29.035 *and enacted* KRS 29A.090 which provides: "There shall be no automatic exemptions from jury service."