**Larry PARTEE, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Supreme Court of Kentucky.

June 15, 1983.

Jack Emory Farley, Public Advocate, Donna Boyce Proctor, Asst. Public Advocate, Frankfort, for appellant.

Steven L. Beshear, Atty. Gen., Sarah M. Jackson, Asst. Atty. Gen., Frankfort, for appellee.

WINTERSHEIMER, Justice.

This appeal is from a judgment sentencing Partee to fifty years on a murder conviction and twenty years on a robbery conviction as a result of two separate jury trials.

The questions presented are whether doctors and lawyers were systematically excluded from the jury pool from which the grand jury and petit jurors were selected, whether there was improper and prejudicial evidence of prior criminal activity introduced and whether it was error for the trial judge to refuse to dismiss appointed counsel and appoint another attorney.

This Court affirms the judgment of the circuit court because there was not sufficient evidence to demonstrate a pattern of systematic exclusion of a particular group from the jury pool. The other allegations of error are without merit.

■ It is well settled that the accused has a right to a jury selected at random from a fair cross section of the community. *Taylor v. Louisiana,* 419 U.S. 522, 95 S.Ct. 692, 42 L.Ed.2d 690 (1975); *Colvin v. Commonwealth,* Ky., 570 S.W.2d 281 (1978). Clearly that principle of law has not been violated by the factual situation in this case.

■ Partee argues that three jury commissioners testified that neither doctors nor lawyers were selected as potential members of the jury pool. An examination of the testimony indicates that a deputy circuit clerk stated that she frequently listed the selection of prospective jurors and did not recall the selection of any doctor or lawyer in the last twelve years. She also testified that the circuit judge had not instructed the jury commissioners to exclude these professionals. The evidence indicates that two previous circuit judges had directed jury commissioners to exclude lawyers and doctors.

One of the jury commissioners testified that acting on his own personal beliefs, he avoided the selection of lawyers and doctors. Another witness indicated that the jury commissioners discussed professionals as potential jurors but did not consider persons of either status for the jury pool. A third commissioner witness said that they didn't necessarily disregard doctors or lawyers because of their professions, but none were selected as prospective jurors.

The testimony presented does not demonstrate a case of systematic exclusion referred to in *Taylor,* supra. Here, the evidence does not persuade us that there was a pattern of systematic exclusion. The burden for demonstrating such an exclusion is clearly on the one who seeks relief. We are not convinced that that burden was carried forward.

The other two issues raised on appeal are without merit. The testimony of witnesses Morse and Terry Partee was properly admitted.

■ There was no reversible error in the trial court's refusal to dismiss appointed counsel and appoint another lawyer. A careful examination of the transcript indicates that appointed counsel effectively represented Partee despite his client's disruptive and uncooperative behavior. The trial judge did not abuse his discretion in refusing to change counsel. There is no indication that the relationship between lawyer and client rendered the appointed attorney ineffective or otherwise prejudiced the defense.

There is no reason to believe that a new trial will produce any different result. Therefore there is no prejudice to the accused.

The judgment of the circuit court is affirmed.

All concur, except LEIBSON, J., who dissents by separate opinion.

LEIBSON, Justice, dissenting.

Respectfully I dissent from that portion of the majority opinion holding there was not sufficient evidence to demonstrate a pattern of systematic exclusion of a particular group from the jury pool.

The actions of the jury commissioners clearly contravened the mandates of the Sixth and Fourteenth Amendments to the United States Constitution, Section 11 of the Kentucky Constitution, KRS 29A.090, and *Colvin v. Commonwealth,* Ky., 570 S.W.2d 281 (1978).

In *Colvin* the jury commissioners excluded school teachers from the jury wheel upon the instructions of the trial judge. This Court held that such action violated the "fair cross section requirement" and reversed.

The fact that in this case doctors and lawyers were excluded, rather than teachers, is a distinction without a difference. Nor does it matter that the instructions in

this case to exclude this segment of the population from the jury pool were not from the present presiding judge, but from his two predecessors. The evidence was uncontradicted that the court's previous instructions had never been countermanded and were still being obeyed.

The Kentucky legislature has recognized a broad policy against "systematic and intentional exclusion" by enacting KRS 29A.090, as follows:

"**Automatic Exemptions Prohibited.**—There shall be no automatic exemptions from jury service."

We should uphold the letter and spirit of this policy by reversing this case.