**Vastine REID, Movant,**

**v.**

**COMMONWEALTH of Kentucky,
Respondent.**

Court of Appeals of Kentucky.

Aug. 12, 1983.

Discretionary Review Denied
Nov. 16, 1983.

Gary R. Haverstock, Hurt, Haverstock &
Jones, Murray, for movant.

Christopher W. Johnson, Asst. Atty. Gen.,
Steven L. Beshear, Atty. Gen., Frankfort,
for respondent.

Before MILLER, PAXTON and WIL-
HOIT, JJ.

WILHOIT, Judge.

The case is before the Court on discre-
tionary review of an order of the Marshall
Circuit Court affirming the movant's con-
viction in the Marshall District Court of
trafficking in marijuana for which he re-
ceived a sentence of one year in jail and a
fine of $500.00.

The principal question raised is whether
the trial court erred to the movant's sub-
stantial prejudice when it refused to grant
his motion to dismiss the jury panel from
which the trial jury was to be chosen. The
motion cited as grounds that certain classes
of persons, including doctors, lawyers, and
policemen, had been improperly excluded
from selection to the panel in violation of
KRS 29A.090, the Fourteenth Amendment
to the United States Constitution and Sec-
tions 11 and 14 of the Kentucky Constitu-
tion.

KRS 29A.090 provides that "[t]here
shall be no automatic exemptions from jury
service." We believe this statute must be
read in conjunction with KRS 29A.080
which relates to disqualification of jurors.
The import of these two statutes is that no
qualified individual is to be automatically
exempted from jury service. There is noth-
ing in KRS 29A.080 which disqualifies a
doctor, lawyer, or policeman per se from
jury service, although a court might well
excuse from service a particular member of
one of these professions under KRS
29A.100. Evidence adduced from members
of the jury commission, who had selected
the names of prospective jurors, showed
that the commission members had been in-
structed not to select medical doctors and

attorneys "and stuff like that" as prospective jurors "because they would be excused anyway." A member of the commission also testified that for the same reason policemen were not selected.

Unlike the situation in *Partee v. Commonwealth*, Ky., 652 S.W.2d 89 (1983), in which the Court considered only the constitutional requirement of a random selection of jurors from a fair cross section of the community, and found insufficient evidence to support a violation of that requirement, the evidence here is overwhelming that medical doctors, attorneys, and policemen were automatically excluded from consideration by the jury commission in violation of KRS 29A.090. This question was timely raised, and we believe reversal is required since automatic exclusion of these groups constitutes a substantial deviation from the statutory method of jury selection. *See Robertson v. Commonwealth*, Ky., 597 S.W.2d 864 (1980).

Because of the result reached, it is not necessary to reach the constitutional issues raised by the movant or the alleged improper argument by the prosecution.

The judgment of the circuit court is reversed with directions that the case be remanded to the district court for a new trial.

All concur.