**STATE of Missouri, Respondent,**

v.

**Gary Erwin McCAW, Appellant.**

No. 46448.

Missouri Court of Appeals, Eastern District, Northern Division.

March 27, 1984.

William C. McIlroy, David H. Ash, Bowling Green, for appellant.

John Ashcroft, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Appeal from convictions for sale of a controlled substance (cocaine), and unlawful use of a weapon. Defendant was sentenced to life imprisonment on the cocaine charge, and to five years' imprisonment for

unlawful use of a weapon, the sentences to run consecutively. We reverse and remand for a new trial.

Defendant engaged in a series of four illegal cocaine transactions with an undercover member of the Missouri State Highway Patrol. He was arrested at the Best Western Motel in Jefferson City, just after the consumation of the fourth sale, when defendant sold 26 ounces of cocaine, later estimated to be 81% pure, for $55,000. The "street value" of the contraband was estimated to be in excess of $250,000. Much publicity was generated by the case, and venue was changed from Cole County to Montgomery County.

The trial court erred in refusing to quash the jury panel after motion and hearing. Section 494.031, RSMo 1978 allows the *court* to excuse, upon timely application, any juror for any reason set forth in the nine sub-paragraphs in that section. The circuit judge, who lived in an adjoining county, orally instructed the circuit clerk to excuse "jurors due to the fact that he didn't live here and so forth and it would be more convenient."

■ A full panel of fifty jurors, twenty-five regular and twenty-five alternate jurors, had been selected in conformity with § 494.240, .250, RSMo 1978. Approximately twenty-five had been previously excused by the clerk (this being the second trial of the term), leaving twenty-five available for the instant case. Seven more were excused by the clerk for this case. Eighteen were left, a number the clerk believed to be inadequate. On consultation with the circuit judge, the clerk was told "[y]ou be the judge. If you think we need more, you go ahead and order them." The clerk then requested extra jurors, twenty-two of whom were placed on defendant's panel.

The clerk gave the sheriff a list of thirty or thirty-five names from which to select the special jurors. This list was culled from prior jury lists. Most came from Montgomery City and not from the other five townships in Montgomery County.

■ This procedure differed from that established by the statute in several respects. § 494.031, RSMo 1978 allows the court, not the clerk, to excuse prospective jurors. While a circuit judge may work hand-in-hand with his clerk in excusing prospective jurors, he cannot delegate the entire responsibility to the clerk. *See State v. Thursby*, 245 S.W.2d 859, 864–65 (Mo. 1952). Likewise, the court, not the clerk, is authorized to order the sheriff to summon talesmen. § 494.260 RSMo 1978. There is no provision for the clerk to specify who will be summoned as talesmen. § 494.260 RSMo 1978.

■ The question, however, is not whether there was strict compliance with the statute. In the absence of prejudice to the defendant, the test is whether the statutes were substantially complied with. *State v. Gresham*, 637 S.W.2d 20, 25 (Mo. banc 1982). The purpose of the statutory process is to ensure random selection of jurors, to prevent jury packing or selection of jurors "with reference to particular cases." *Id.* With the handpicking of over half of the panel, this objective was frustrated here.

We do not mean to say that there was any fraud practiced in this case. That is beside the point. The legislature has seen fit to prescribe the manner of selecting juries. The officers charged with this duty must at least substantially comply with the procedure prescribed. Courts are not authorized to ignore, emasculate, or set aside the statutory provisions.

We must rule that the motion to quash the jury panel should have been sustained.

*State v. McGoldrick*, 361 Mo. 737, 740, 236 S.W.2d 306, 308 (1951), *quoted in State v. Gresham*, 637 S.W.2d at 26.

We have considered defendant's other points relied on, and choose not to answer same. The state, being apprised thereof, will not be apt to cause reversible error on retrial.

Judgment reversed and remanded for a new trial.

DOWD, C.J., and PUDLOWSKI, J., concur.

REINHARD, J., concurs in result.