STATE of Missouri,
Plaintiff-Respondent,

v.

Richard F. AUSTIN,
Defendant-Appellant.

No. 13545.

Missouri Court of Appeals,
Southern District,
Division One.

April 9, 1985.

John D. Ashcroft, Atty. Gen., Michael Finkelstein, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Frederick W. Martin, III, West Plains, for defendant-appellant.

GREENE, Judge.

Defendant, Richard F. Austin, was jury-convicted of first degree robbery, § 569.-020,[1] for which he received a sentence of 15 years' imprisonment.

Evidence sufficient to sustain the conviction proved that on September 23, 1982, Austin and another man entered the Hillbilly Package Store in Willow Springs, Missouri, and took $350 at gunpoint from a clerk in the liquor store.

Austin's first point relied on in his appeal of the conviction is a claim that the trial court erred in overruling his motion to dismiss the robbery charge because the state violated the provisions of § 217.490 by not bringing him to trial within 180 days from the time he first requested a speedy trial.

Austin was arrested in Kansas six days after the Willow Springs robbery, and was sentenced to the Kansas penitentiary for criminal violations there. On April 13, 1983, Austin notified the Howell County, Missouri prosecuting attorney that he requested a speedy trial, as required by the provisions of the Agreement on Detainers, to which both Missouri and Kansas are parties. Austin was returned to Howell County on September 1, 1983. He was brought before the court on the felony complaint the next day. Counsel was appointed, and a preliminary hearing was held on September 12, 1983, which resulted in Austin being bound over for trial. The information charging him with robbery was filed on September 13, and the cause set for trial on September 20, 1983.

On September 20, Austin then requested a change of venue and a change of judge. These requests were granted. The case was transferred to Wright County, where the case was reset for trial on October 7, 1983. Austin filed a motion to dismiss the information on the grounds that he was not ready for trial because of lack of time to prepare his defense. He claimed he could not get ready for trial within the 180 day period which is prescribed by § 217.490, after indication by defendant of his desire for speedy trial disposition. The motion was overruled, and the case was tried on October 7, resulting in the conviction in question.

Austin acknowledges that he was tried within the 180 day time limit, but premises his entire argument on the fact that he was not returned to Missouri until approximately 40 days before the 180 day time limit would expire. Austin did not request a continuance so that he could prepare more adequately. There is nothing in the record to show one would have been denied if requested. Austin was not denied adequate time to prepare his case by the trial court.

There is no showing in the record that the delay in returning Austin to Missouri from Kansas was through connivance of Missouri authorities. In fact, the record

---

1. Unless otherwise indicated, all references to statutes are to RSMo 1978, V.A.M.S.

indicates otherwise, as Kansas, because of their law, would not release Austin until 120 days had passed from the date of his Kansas sentence, which was February 28, and did not release him to Missouri authorities until September 1. In addition, the record does not show that Austin was prejudiced in any way by being put to trial within the 180 day period. Austin made no offer of proof as to what any witness might have testified to if he had had more time to prepare, and offered no evidence at trial.

The evidence of guilt introduced by the state, consisting of an eyewitness identification and oral and written admissions of Austin to participation in a robbery which circumstantially could reasonably have been inferred to be the robbery in question, was conclusive. The point has no merit.

■ In his remaining argument, Austin claims the trial court erred in overruling his motion to quash the jury panel because the panel's selection was violative of the requirements of Chapter 494, RSMo 1978. He states that the names of the 48 persons to form the jury panel were not pulled from the jury wheel by the clerk of the court, as required by law, because the sheriff, being ordered by the court to select bystanders to fill the jury panel after it was discovered that only 24 prospective jurors showed up in answer to summonses, selected his friends to fill the vacancies.

Section 494.250.1 requires the clerk to draw the names in the presence of the board of jury commissioners. Section 494.-260 provides that if it is necessary to fill vacancies in the jury panel for trial of any one case, the court may order the sheriff to fill the vacancies with qualified bystanders, who "shall be summoned from the various townships in the same proportion as the original panel was selected."

In absence of a showing of prejudice to defendant, substantial compliance with the provisions of the two statutes in question is enough, *State v. McCaw*, 668 S.W.2d 603, 604 (Mo.App.1984), and unless defendant affirmatively demonstrates that his interests have been adversely affected by the court's failure to exactly follow the statutory provisions, he is not entitled to relief on appeal. *State v. Friend*, 607 S.W.2d 902, 903 (Mo.App.1980).

The evidence here shows that the board of jury commissioners, rather than the clerk, pulled the names of the prospective jurors from the jury wheel, but they did so in the presence of the clerk, who took the cards bearing the jurors' names and wrote them on the jury list. This was substantial compliance with the statute which is all that is required.

■ In regard to the allegation of misconduct by the sheriff in selecting alternate jurors, the evidence is that the sheriff, upon being ordered to do so by the trial court, selected 10 persons, some of whom he knew by name, and "went down to different townships and picked out one or two." His only criteria in selecting the 10 persons were that he thought they would be honest, and do what was right. There is no allegation by Austin of any prejudice flowing from the procedure used in selecting the alternate jurors, and none was shown by the evidence. Also important is the fact that the Wright County sheriff who selected the alternate jurors was not an investigative officer in this case, since the investigation was handled by law enforcement officers in Howell County where the robbery occurred. The procedure used to select the alternate jurors was in substantial compliance with the statute. The point has no merit.

Judgment and sentence affirmed.

TITUS, P.J., and FLANIGAN, J., concur.