Michael A. HARRIS, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

No. 92–CA–002240–MR.

Court of Appeals of Kentucky.

Feb. 4, 1994.

Discretionary Review Denied and Case Ordered Published by Supreme Court June 15, 1994.

Bruce P. Hackett, Louisville, for appellant.

Chris Gorman, Atty. Gen., J. Gerald Henry, Asst. Atty. Gen., Frankfort, for appellee.

Before GARDNER, HOWERTON and McDONALD, JJ.

*OPINION*

GARDNER, Judge:

Michael A. Harris (Harris) appeals from an order overruling a motion to dismiss an indictment against him. We vacate and remand.

On November 21, 1991, Harris presented a "Pick 3" Kentucky lottery ticket to an employee at the headquarters of the Kentucky Lottery Corporation in Louisville, Kentucky. He claimed that the ticket represented a winning combination of lottery numbers which entitled him to a $300.00 prize. Though Harris appeared to be in possession of a winning ticket, an electronic scan of the ticket showed that it originally displayed a losing combination of numbers. It was subsequently determined that the ticket had been altered.

In February 1992, Harris was indicted by the Jefferson County Grand Jury for violation of KRS 154A.990(2) (lottery ticket forgery). Harris filed a pre-trial motion arguing that the indictment should be dismissed on two grounds. He first contended that the

grand jury which indicted him had been empaneled in violation of state law because the Chief Judge of the Jefferson Circuit Court improperly delegated to her administrative personnel the power to excuse prospective jurors. He also argued that KRS 154A.990(2) is violative of the Kentucky Constitution as it is special legislation aimed at a particular group of individuals. These motions were overruled by the lower court. Harris then entered a conditional guilty plea pursuant to RCr 8.09 which reserved for appellate review the issues raised in his motion to dismiss. Those issues are now before us.

■ The first issue for review is whether the lower court committed reversible error in overruling Harris' motion to dismiss the indictment. Harris argued below that the Chief Judge of the Jefferson Circuit Court improperly delegated to her administrative personnel the authority to excuse prospective jurors. This improper delegation, he contends, tainted the selection process and thus rendered void the proceeding against him. We agree. It is uncontroverted that the Chief Judge did delegate this authority, and it is further uncontested that *Commonwealth v. Nelson*, Ky., 841 S.W.2d 628 (1992), which is dispositive of the issue, found this delegation to be improper. *Nelson* dismissed an indictment arising out of Jefferson Circuit Court for reasons identical to those asserted herein. It concluded that "[t]he delegation of the chief judge's authority to disqualify, postpone and excuse jurors was violative of KRS 29A.080, KRS 29A.100 and Ad.Proc. section 8 and section 12." *Id.* at 632. Since *Nelson* is dispositive, and as the Commonwealth has conceded the applicability of *Nelson*, it is clear that we must vacate and remand the lower court's denial of Harris' motion to dismiss the indictment.

■ Harris also argues that the statute on which the charge against him was based, namely KRS 154A.990(2), is special legislation and is therefore violative of subsection 59(4) of the Kentucky Constitution. While the Commonwealth argues that this issue is moot in light of our disposition of the first issue, we will examine it as it is likely to be raised again if Harris is re-indicted. *Couri-*

*er–Journal and Louisville Times Company v. Meigs*, Ky., 646 S.W.2d 724, 725 (1983).

KRS 154A.990(2) states that "[a]ny person who, with intent to defraud, falsely makes, alters, forges, utters, passes, or counterfeits a state lottery ticket shall be guilty of a Class C felony." It is Harris' position that this statute is special legislation which is violative of Section 59 of the Kentucky Constitution. Section 59 provides that "[t]he General Assembly shall not pass local or special acts concerning any of the following subjects, or for any of the following purposes, namely: ... Fourth: To regulate the punishment of crimes and misdemeanors, or to remit fines, penalties or forfeitures."

■ We begin with the proposition that the legislature has wide latitude and prerogative. With this also comes the presumption of validity. This presumption can be overcome only by the "[m]ost explicit demonstration that it is hostile and oppressive against particular persons or classes." *Delta Air Lines, Inc. v. Comm., Revenue Cabinet*, Ky., 689 S.W.2d 14, 18 (1985). Such presumption was overcome with respect to a criminal statute and the Kentucky Supreme Court so held in *Commonwealth v. Wasson*, Ky., 842 S.W.2d 487 (1992).

In holding a portion of the Kentucky sodomy statute unconstitutional, the Court stated the equal protection provision Section Three of the Kentucky Constitution was "[e]nhanced by Sections 59 and 60...." *Id.* at 500. The Court reiterated that the initial inquiry in examining legislation is whether the legislature has a reasonable basis which would justify the creation of a separate classification as opposed to constitutionally infirm "local or special acts." *Id.* at 500. In *Wasson*, the government failed to identify a legitimate governmental interest. A contrary result was reached in a number of other cases. *See Graham v. Mills*, Ky., 694 S.W.2d 698 (1985) (statute authorizing Attorney General to prosecute crimes against the State Treasury was not special legislation); *Praete v. Commonwealth*, Ky.App., 722 S.W.2d 602 (1987) (statute authorizing harsher penalties for drivers under the age of eighteen did not constitute special legisla-

tion); *Ely v. Salyer*, Ky., 695 S.W.2d 420 (1985) (which held a provision in the local option statute that determined which governmental units could vote for or against prohibition was not special legislation).

Unlike *Wasson*, the legislation in question does have a reasonable and logical basis for the penalty it imposes. That purpose, i.e., the maintenance of the integrity of the lottery, is a legitimate governmental interest which we believe distinguishes the legislation in question from special legislation.

 Almost one hundred years ago it was established that special legislation is legislation which applies exclusively to special or particular places or persons, and is to be distinguished from legislation intended to be general in its operation and which relates to classes of persons or subjects. *Stone v. Wilson*, 19 Ky.L.Rptr. 126, 39 S.W. 49 (1897). Even if the statute is special legislation, however, if the classification rests upon a distinctive and natural reason rather than an arbitrary one, it is not violative of Section 59. *Allison v. Borders*, 299 Ky. 806, 187 S.W.2d 728 (1945).

In the case at bar, we believe this issue is less complicated than Harris makes it appear. Prior to the adoption of KRS 154A.990(2), the General Assembly established legislation which made forgery in the first degree a Class C Felony. KRS 516.-020.[1] When the Kentucky Constitution was amended to allow for the creation of the lottery, the General Assembly could have amended KRS 516.020 to include forgery of lottery tickets. Rather than amend the existing legislation, however, it enacted KRS 154A.990(2), which addresses only the forgery of lottery tickets. As it clearly would not have been special legislation to amend KRS 516.020 to include the forgery of lottery tickets, similarly we do not believe that KRS 154A.990(2) constitutes special legislation. Creation of a separate statutory provision is

in conformity with the constitutional amendment allowing the General Assembly to promulgate legislation regulating and protecting the integrity of the lottery. *See* Kentucky Constitution § 226. Accordingly, we cannot find that KRS 154.990(2) is violative of the Kentucky Constitution.

For the foregoing reasons, the order of the Jefferson Circuit Court which overruled Harris' motion to dismiss the indictment is vacated and the action remanded for proceedings consistent with this opinion.

All Concur.

---

1. KRS 516.020 states in relevant part that,
   (1) A person is guilty of forgery in the first degree when, with intent to defraud, deceive or injure another, he falsely makes, completes or alters a written instrument which is or purports to be or which is calculated to become or to represent when completed:
   (a) Part of an issue of money, stamps, securities or other valuable instruments issued by government or governmental agency. . . .
   (2) Forgery in the first degree is a Class C felony.