Darrell Lee SKAGGS, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

No. 93–CA–530–MR.

Court of Appeals of Kentucky.

Aug. 19, 1994.

Case Ordered Published by Court of Appeals Oct. 21, 1994.

Kimberly A. Brooks, Covington, for appellant.

Chris Gorman, Atty. Gen., Joseph R. Johnson, Asst. Atty. Gen., Frankfort, for appellee.

Before LESTER, C.J., and GUDGEL and WILHOIT, JJ.

GUDGEL, Judge:

This is an appeal from an opinion and order entered by the Jefferson Circuit Court. The court denied an RCr 11.42 motion seeking an order dismissing an indictment. Appellant contends that the court erred by failing to find that the grand jury which indicted him was illegally impaneled. We disagree. Hence, we affirm.

Appellant Darrell Skaggs was indicted by the Jefferson County grand jury on January 10, 1989 for the felony offenses of theft by failure to make required disposition of property, and theft by unlawful taking. On March 15, 1989, he was indicted as being a persistent felony offender in the first degree. Subsequently, appellant pled guilty to the charges set forth in the indictments and was sentenced to ten years imprisonment.

On April 4, 1990, appellant filed a pro se RCr 11.42 motion claiming he received ineffective assistance of counsel. This motion was denied, and the denial was affirmed by this court on appeal. Next, on September 11, 1992 appellant filed a pro se "Motion to Quash or Dismiss Indictment." In this motion he argued that the indictments as to the theft and PFO charges to which he pled guilty were illegal because the procedure used to impanel grand jurors in Jefferson County at the time he was indicted allowed three jury pool administrators rather than the chief judge of the Jefferson Circuit Court to determine which jurors should be excused, postponed or disqualified from jury service. *See Commonwealth v. Nelson*, Ky., 841 S.W.2d 628 (1992). Citing RCr 8.18 the court denied appellant's motion on the ground that he had waived his right to challenge the indictments by failing to make a motion in this vein prior to trial. This appeal followed.

Appellant contends that the record shows that his rights were violated because he was indicted by an improperly impaneled grand jury. He further claims that he received ineffective assistance of counsel because he was not informed that the grand jury which indicted him was improperly impaneled on the date he agreed to enter his guilty pleas. We disagree.

In *Nelson, supra,* the defendant prior to his indictment on any charges made a motion requesting that his case be heard by a grand jury selected in accordance with applicable law. The *Nelson* court held that the action of Jefferson County's Chief Circuit Judge in authorizing jury pool administrators to determine which jurors should be excused, postponed or disqualified from jury service constituted a substantial deviation from the applicable statutes and regulations pertaining to the empaneling of juries, and that such a deviation necessitated the reversal of the defendant's conviction. *Id.* at 630. The court noted, however, that even if a substantial deviation is shown the error must have been properly preserved. *Robertson v. Commonwealth*, Ky., 597 S.W.2d 864 (1980). Indeed, in *Nelson* the court stated that any other individuals who were indicted at the time when Jefferson County grand juries may have been improperly empaneled could not raise the issue unless the error was properly preserved. *Id.* at 632. RCr 9.34 states that "[a] motion raising an irregularity in the selection or summons of the jurors or formation of the jury must precede the examination of the jurors." Here, as was true in *Nelson* there existed a published unauthorized delegation of the authority to grant juror disqualifications, postponements, and excusals at the time appellant was indicted, but unlike the defendant in *Nelson* appellant failed to object to the illegal procedure prior to entering his guilty pleas. It follows that the entry of the pleas without objection served to waive appellant's right to raise any issue regarding the improperly empaneled grand jury. *Centers v. Commonwealth*, Ky. App., 799 S.W.2d 51 (1990).

Appellant's claim that he received ineffective assistance of counsel because his counsel failed to advise him of the possibility that the grand jury was improperly impaneled is also without merit. According to appellant if he had known that the grand jury was improperly impanelled he would not have pled guilty to the charges against him.

To successfully claim that he received ineffective assistance of counsel appellant was required to show that his counsel made errors so serious that his performance fell out-

side the wide range of professionally competent assistance, and that this deficient performance so seriously affected the outcome of the plea process that had it not been for the errors of counsel there is a reasonable probability that the defendant would not have pled guilty, but rather, would have insisted on going to trial. *Hill v. Lockhart,* 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985); *Sparks v. Commonwealth,* Ky.App., 721 S.W.2d 726 (1986). We fail to perceive, however, that the mere failure of appellant's counsel to make the same claim that was addressed in *Nelson* some three years subsequent to the date on which appellant entered his guilty pleas amounted to ineffective assistance of counsel under either the *Hill* or *Sparks* standard. This is especially true since appellant could have been reindicted in any event because jeopardy had not attached.

The court's order is affirmed.

All concur.