Danny Lee PIERCE, Appellant,

v.

COMMONWEALTH of Kentucky,
Appellee.

No. 93–CA–001330–MR.

Court of Appeals of Kentucky.

March 17, 1995.

Discretionary Review Denied by
Supreme Court Aug. 16, 1995.

———

Michael C. Lemke, Louisville, for appellant.

Chris Gorman, Atty. Gen., Edna M. Lowery, Asst. Atty. Gen., Frankfort, for appellee.

Before EMBERTON, GARDNER and
JOHNSON, JJ.

EMBERTON, Judge:

This is an appeal from a denial of a Kentucky Rules of Criminal Procedure (RCr) 11.42 motion. On July 16, 1990, Pierce was indicted by a Jefferson County grand jury for robbery and PFO charges. Pierce initially pled not guilty; however, he later moved the court to accept his guilty plea. On March 25, 1991, his guilty plea was accepted and Pierce was sentenced to 20 years in the penitentiary, and by agreement, he was ineligible for parole.

Almost two years later, Pierce filed a RCr 11.42 motion. The thrust of his motion was that the grand jury that indicted him was improperly constituted and that his appointed counsel failed to discover or advise him of that fact prior to the entry of his guilty plea, thus rendering counsel's performance deficient. In support of his motion, Pierce relied on *Commonwealth v. Nelson,* Ky., 841 S.W.2d 628 (1992), which held that the grand and petit juries in Jefferson County were improperly empaneled from March 28, 1988 through July, 1992.

To sustain an allegation of ineffective assistance of counsel, the movant must satisfy the two-pronged test set forth in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *accord, Gall v. Commonwealth,* Ky., 702 S.W.2d 37 (1985); *cert. denied,* 478 U.S. 1010, 106 S.Ct. 3311, 92 L.Ed.2d 724 (1986). The *Strickland* test requires there be a showing of deficient performance on the part of counsel, and that there be a finding of prejudice resulting from the deficient performance. *Strickland,* 466 U.S. at 687, 104 S.Ct. at 2064.

■ Pierce fails to meet either prong of the *Strickland* test. First, he does not show that counsel's performance was deficient. The issue of jury selection as raised in *Nel-*

*son, supra,* was in practice between March 1988 and July 1992. Undoubtedly, during that time period counsel for Pierce, as well as a great many other defendants' counsel, believed that the grand jury was being selected in accordance with the applicable statutes. The practice of grand jury selection had not been questioned, nor was it contested during that period. One attorney successfully raising the argument, which ultimately struck down the procedure, does not render the performance of Pierce's trial counsel either inadequate or ineffective.

■ Next, Pierce fails to demonstrate prejudice. Kentucky law permits the Commonwealth to reindict a defendant once a previous indictment has been quashed or diminished. *Commonwealth v. Wilson,* 280 Ky. 61, 132 S.W.2d 522 (1939); *Commonwealth v. Smith,* Ky., 244 S.W.2d 724, 726 (1951). In *Nelson, supra,* once the practice was challenged, the Commonwealth Attorney's office in Jefferson County sought to reindict the defendants who had been previously indicted during the period in question. Approximately 1700 defendants were reindicted within nine months of the challenge of the practice in *Nelson.* Accordingly, the Commonwealth would have sought to reindict Pierce, albeit later in time, on the same charges. Thus, it appears that Pierce would have been quickly reindicted even if counsel raised the issue. As a result, Pierce was not prejudiced by counsel's failure to challenge this practice.

Finally, the record is clear that Pierce entered a valid guilty plea in accordance with his constitutional rights. *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); *Commonwealth v. Crawford,* Ky., 789 S.W.2d 779 (1990).

Based on the foregoing reasons, we affirm the judgment of the trial court.

All concur.