Leonard FITZGERALD, Appellant,

v.

COMMONWEALTH of Kentucky,
Appellee.

No. 2003–CA–002216–DG.

Court of Appeals of Kentucky.

Oct. 22, 2004.

Astrida Liana Lemkins, Department of Public Advocacy, Frankfort, KY, for appellant.

Gregory D. Stumbo, Attorney General, Natalie Lynn Lewellen, Assistant Attorney General, Frankfort, KY, for appellee.

Before DYCHE, GUIDUGLI and McANULTY, Judges.

*OPINION*

GUIDUGLI, Judge.

This Court granted Leonard Fitzgerald's motion for discretionary review in order to address his argument concerning the minimal number of jurors to be seated in a trial and the Commonwealth's waiver of a peremptory challenge. Having thoroughly reviewed the parties' arguments, applicable case law, criminal rules and statutory law, we affirm.

The facts are not in dispute. Fitzgerald had been charged with operating a motor vehicle while under the influence, third offense, with aggravating circumstances.[1] He pled not guilty and a jury trial was scheduled for May 23, 2003. On that day, the clerk had summoned twenty-seven individuals for jury duty. Six prospective jurors had previously been excused for various reasons, such as illness, employ-

---

1. KRS 189A.010(5)(c).

ment or vacation. Twenty-one prospective jurors were anticipated to appear and serve on Fitzgerald's jury, but only twelve actually reported for jury duty that day. Without objection, the trial started.

During voir dire, one of the twelve jurors was excused for cause leaving only eleven prospective jurors. At this point Fitzgerald's counsel motioned the court to release the jury in that with only eleven jurors remaining, a jury of six members could not be empaneled. (If each party took its three peremptory challenges it was entitled to, then only five jurors would remain). To this motion the Commonwealth responded that it would waive a peremptory challenge and thus there was a sufficient number of jurors still available to constitute a six member jury. The trial court accepted the Commonwealth's waiver and denied Fitzgerald's motion. The jury trial continued and Fitzgerald was found guilty as charged and sentenced to twelve months in the county jail plus fines and community service.

Fitzgerald appealed his conviction to the Mercer Circuit Court. In a well-reasoned order entered September 18, 2003, the circuit court affirmed the conviction. Judge Darren W. Peckler, in affirming the district court, held:

Appellant's argument concerns due process with regard to the minimum number of jurors required from which to select a jury. The issue presented in the instant case appears to be one of first impression in Kentucky, and as such, this Court is without precedent upon which to rely. It is a well-established legal principle that criminal defendants are entitled to due process. This principle is, however, intended to be interpreted liberally by the legislature and the court. (*Patterson v. New York*) 432 U.S. 197, 97 S.Ct. 2319, 53 L.Ed.2d 281. Under this liberal interpretation, the Court finds no violation of substantive due process.

Appellant argues that the trial court erred when it allowed appellee to waive one of its peremptory challenges. Under Kentucky statute, RCr 9.40 states that "the Commonwealth is entitled to (3) peremptory challenges", but nowhere does the statute require that the Commonwealth utilize said challenges. In the instant case, appellee chose to forego one of its challenges in the interest of allowing the trial to go forward as scheduled. There is nothing in Kentucky statutes that would preclude that decision.

Appellant further argues that the court erred in refusing to excuse the eleven-member jury panel, maintaining that eleven people is too small a jury panel. KRS 29A.280(1) states that "Juries for all trials in District Court shall be composed of six (6) persons". It does not however, mandate a minimum number of jurors that are required to be present in order to choose a jury. As long as the jury is comprised of six persons, the mandates of the statute have been met. Appellant himself concedes that previous minimums for jury pools set out under KRS 29A.060 are no longer applicable under current law, and asks the Court to assign an arbitrary minimum. This court is not so inclined.

The cases cited by appellant are not on point. They reference situations where defendants were forced to use peremptory challenges due to the court's failure to strike for cause. Such is not the case here. Appellant's substantive due process rights were not denied in the instant case. It fell within the discretion of the trial court judge to allow the Commonwealth to waive its peremptory challenge. The appellant's argument is without merit.

For the above-stated reasons, IT IS HEREBY ORDERED AND ADJUDGED that the judgment of the District Court is AFFIRMED. This order is FINAL and APPEALABLE.

Fitzgerald timely filed a motion for discretionary review which was granted by this Court on January 9, 2004.

▮▮▮▮ On discretionary review, Fitzgerald continues to contend that his constitutional rights were violated when too few jurors were available to seat a jury without the Commonwealth waiving one of its peremptory challenges and that the trial court erred by permitting the Commonwealth to waive one of its peremptory challenges. Fitzgerald relies on *Thomas v. Commonwealth*, Ky., 864 S.W.2d 252 (1993). In *Thomas*, the Supreme Court of Kentucky held that "[t]he rules specifying the number of peremptory challenges are not mere technicalities, they are substantial rights and are to be fully enforced." We agree with this statement. However, Fitzgerald was not denied his mandated three peremptory strikes. *See* RCr 9.40. He received the required peremptory strikes and exercised them accordingly. He can show no violation of his rights nor any prejudice caused him. Instead, he contends the Commonwealth's peremptory challenge waiver somehow affected his rights. He can point to no rule, statutory right or case law that supports his position. The cases Fitzgerald cite deal with deviation in the rules or statutes on how a jury is selected. In *Allen v. Commonwealth*, Ky.App., 596 S.W.2d 21, 22 (1979), this Court stated:

On reflection as to how disparate procedures for jury selection might affect our whole system of justice, we have decided that it is in the interest of justice that the statutes and rules for jury selection be closely followed, and that no substantial deviation be allowed, regardless of prejudice. The matter of jury selection is too important a part of our judicial system to permit variations, from one court to another, in compliance with controlling statutes.

Had such a procedural or statutory violation occurred, we might agree with his contention. But Fitzgerald has not shown any procedural violation or deviation from the rules and statutes. In fact, there is a recent Supreme Court of Kentucky decision that while not published addresses the issue of the Commonwealth waiving a peremptory challenge.[2] Although that case is not controlling law, its rationale is persuasive. That case is similar to this one in that a jury was empaneled from only twenty-six available venire persons, rather than the twenty-eight the defendant contended was required by RCr 9.40 and KRS 29A.060.[3] When the trial court realized this situation, it requested the Commonwealth to give up two of its peremptory challenges. The Commonwealth agreed but defense counsel objected. On appeal, the Supreme Court of Kentucky determined that to forego peremptory strikes does not rise to the level of deviation that would deprive a defendant of a jury selected at random as required by *Robertson v. Commonwealth*, Ky., 597 S.W.2d 864 (1980). The Court also held that minor errors in jury selection is not cause to reverse a judgment absence a showing of prejudice citing the *Robertson* case. Finally, the Court held that the trial court had substantially complied with RCr 9.30 and KRS

2. *Wagers v. Commonwealth*, 2001–SC–000807–MR, 2003 WL 21357605 (Ky. 2003).

3. Prior to July 15, 2002, KRS 29A.060 required a specific number of jurors be present in circuit and district court before a jury trial could begin. That provision has been removed by legislation effective July 15, 2002.

29A.060 governing the jury selection process and thus, no error occurred.

■ While the various rules and cases cited by Fitzgerald do require strict compliance in procedural matters related to juror selection, he fails to point out any such violation in the jury selection in this case. It should also be noted that any challenge to the juror panel must be made prior to the examination of the jurors. RCr 9.34. Fitzgerald, if he believed he was actually prejudiced, should have objected to only twelve jurors reporting for jury duty prior to the start of the trial. Had a timely motion occurred, the trial court's decision would then be reviewed under an abuse of discretion standard. However, based upon the recent legislative change in KRS 29A.060 and the holding in the recent Supreme Court case, it is unlikely a different result would be rendered.

For the foregoing reasons, the order of the Mercer Circuit Court affirming the district court's judgment and sentence is affirmed.

ALL CONCUR.